IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY W. MCREAKEN,          )
                                         )
        Plaintiff,              )
                                         )
vs.                                     )   Case No.
                                       )
SOUTHEASTERN HOMES, CHAMPION   )
HOME BUILDERS, INC. AND KKN MAIN  )
STREET MOBILE, INC.,                 )
                                       )
        Defendants.           )

## *EXHIBIT A: PLEADING INDEX OF STATE COURT FILINGS*

| Page Nos. | Pleading |
|---|---|
| 2-21 | Original Complaint with Exhibits A through D |
| 22-29 | Champion's Motion to Dismiss Counts III, IV, and VI |
| 30-39 | Exhibit A to Champion's Motion to Dismiss Counts III, IV, and VI |
| 40-41 | Plaintiff's Response to Champion's Motion to Dismiss |
| 42-46 | Amendment to Complaint |
| 47-58 | KNN Main Street Mobile, Inc.'s Answer to Amended Complaint |
| 59-70 | Champion's Motion to Dismiss Counts III, IV, and VI of Amended Complaint |
| 71-80 | Exhibit A. to Champion's Motion to Dismiss Amended Complaint |
| 81-85 | Exhibit B to Champion's Motion to Dismiss Amended Complaint |
| 86 | Court Order on Champion's Motion to Dismiss Amended Complaint |
| 87-93 | Plaintiff's Second Amendment to Complaint |
| 94 | Exhibit E to Plaintiff's Second Amendment to Complaint |
| 95-96 | Notice of Filing of Notice of Removal |

 **CT Corporation**

**Service of Process Transmittal**
09/04/2018
CT Log Number 533999233

**TO:**  Roger Scholten
Champion Home Builders, Inc.
755 West Big Beaver Rd, 10th Floor
Troy, MI 48084

**RE:**  **Process Served in Illinois**

**FOR:**  Champion Home Builders, Inc  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** TIMOTHY W. MCREAKEN, PLTF. vs. SOUTHEASTERN HOMES, ET AL., DFTS. // TO: CHAMPION HOME BUILDERS, INC.

**DOCUMENT(S) SERVED:** SUMMONS, COMPLAINT

**COURT/AGENCY:** Franklin County - 10th District Court, OH
Case # 2017L53

**NATURE OF ACTION:** Product Liability Litigation - Breach of Warranty

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Chicago, IL

**DATE AND HOUR OF SERVICE:** By Certified Mail on 09/04/2018 postmarked on 08/28/2018

**JURISDICTION SERVED :** Illinois

**APPEARANCE OR ANSWER DUE:** Within 30 days after service of this summons, not counting the day of service.

**ATTORNEY(S) / SENDER(S):** JOHN E. BRADLEY
404 N. MONROE
MARION, IL 62959
618-993-1356

**ACTION ITEMS:** CT has retained the current log, Retain Date: 09/05/2018, Expected Purge Date: 09/10/2018

Image SOP

Email Notification,  Debbie Doetsch  ddoetsch@championhomes.com

Email Notification,  Roger Scholten  rscholten@championhomes.com

**SIGNED:** C T Corporation System
**ADDRESS:** 208 South LaSalle Street
Suite 814
Chicago, IL 60604
**TELEPHONE:** 312-345-4336

Page 1 of  1 / HE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL™

7011 1150 0002 3640 3657





UNITED STATES POSTAGE

PITNEY BOWES
$007.88
0007184746   AUG 28 20
MAILED FROM ZIP CODE 6204

Kochan & Kochan, P.C.
121 West Cherry Street
Herrin, IL  62948

Champion Home Builders, Inc.
c/o CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
FRANKLIN COUNTY, ILLINOIS

| | | |
|---|---|---|
| TIMOTHY W. McREAKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2017-L-53 |
| | ) | |
| SOUTHEASTERN HOMES, CHAMPION | ) | |
| HOME BUILDERS, INC., and MAIN | ) | |
| STREET MOBILE HOMES, | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

To the Defendant:    Champion Home Builders, Inc., c/o CT Corporation System, 208 South
LaSalle Street, Suite 814, Chicago, Illinois 60604

You are summoned and required to file an answer to the Complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance in the Office of the Clerk of this Court in
the County Courthouse, Franklin County, Benton, Illinois, within 30 days after service of this
summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE
BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE
COMPLAINT.

To the Officer:

This summons must be returned by the officer or other person to whom it was given for
service, with endorsement of service and fees, if any, immediately after service. If service cannot be
made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

(Seal of Court)

WITNESS _____8/22/2018_____, 2018

_____ KS
(Clerk of Court)

Plaintiff's Attorney
Mark A. Kochan
Kochan & Kochan, P.C.
121 West Cherry Street
Herrin, IL 62948
Tel. (618) 942-8850

Date of Service: _____
(To be inserted by officer on copy left
with defendant or other person)

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

| | |
|---|---|
| TIMOTHY W. MCREAKEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2017-L- $5\,3$ |
| | ) |
| SOUTHEASTERN HOMES, | ) |
| CHAMPION HOME BUILDERS, INC., and | ) |
| MAIN STREET MOBILE HOME | ) |
| | ) |
| Defendants. | ) |

FILED

JUL 2 5 2017

~Jun Marx~
FRANKLIN COUNTY CIRCUIT CLERK

**COMPLAINT**

**COUNT I**

**BREACH OF WARRANTY**
**OF MERCHANTABILITY – SOUTHEASTERN HOMES**

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes,

states as follows:

     1.     At all times alleged herein, Defendant, Southeastern Homes ("Seller") was a seller

of mobile homes pursuant to 810 ILCS 5/2-103 and a merchant seller of goods, meaning, "a

person who deals in goods of the kind or otherwise by his occupation holds himself out as having

knowledge or skill peculiar to the practice of the goods involved in the transaction or to whom

such knowledge or skill may be attributed by his employment of an agent or broker or other

intermediary who by his occupation holds himself out as having such knowledge or skill."

     2.     On or about September 17, 2017, Plaintiff, ("Buyer") entered into a contract

("Contract") with Seller for the purchase of a new Atlantic Extreme model mobile home

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

| | |
|---|---|
| TIMOTHY W. MCREAKEN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2017-L- 5 3 |
| | ) |
| SOUTHEASTERN HOMES, | ) |
| CHAMPION HOME BUILDERS, INC., and | ) |
| MAIN STREET MOBILE HOME | ) |
| | ) |
| Defendants. | ) |

**FILED**

**JUL 25 2017**

Jim Maize

FRANKLIN COUNTY CIRCUIT CLERK

**COMPLAINT**

**COUNT I**

**BREACH OF WARRANTY**
**OF MERCHANTABILITY – SOUTHEASTERN HOMES**

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes,

states as follows:

1.     At all times alleged herein, Defendant, Southeastern Homes ("Seller") was a seller

of mobile homes pursuant to 810 ILCS 5/2-103 and a merchant seller of goods, meaning, "a

person who deals in goods of the kind or otherwise by his occupation holds himself out as having

knowledge or skill peculiar to the practice of the goods involved in the transaction or to whom

such knowledge or skill may be attributed by his employment of an agent or broker or other

intermediary who by his occupation holds himself out as having such knowledge or skill."

2.     On or about September 17, 2017, Plaintiff, ("Buyer") entered into a contract

("Contract") with Seller for the purchase of a new Atlantic Extreme model mobile home

manufactured by Champion Home Builders, ("Manufacturer"), a copy of the Contract executed

by Buyer and Seller, being attached herein and marked as Exhibit A.

3.      The mobile home which was the subject of the Contract entered into on or about

September 17, 2017, is "goods" as defined under the UCC, that is, a thing "moveable at the time

of identification to the contract for sale other than the money in which the price is to be paid",

and said mobile home was sold pursuant to the Contract, thereby subjecting the Contract and the

circumstances surrounding it to the Sales Code portion of the Uniform Commercial Code, and

the applicable law as adopted by Illinois.  810 ILCS 5/2-101 et. seq.

4.      As such, in selling said mobile home, the Contract for sale included an implied

warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-315 and an implied

warranty of merchantability pursuant to 810 ILCS 5/2-314.

5.  As part of the Contract for the sale of the mobile home, Seller agreed to deliver the

mobile home to a location owned by Buyer in Mulkeytown, Illinois.

6.      On or about the end of September, Main Street Mobile Homes, delivered the

home to Buyer's property location in Mulkeytown Illinois.

7.      Upon receipt of the mobile home, Buyer noticed several significant problems.

8.      Buyer notified Seller of several significant problems.  Further, Buyer notified the

Illinois Department of Public Health of the problems, and the Illinois Department of Public

Health conducted an investigation including an inspection, and found several significant

problems with the home.  See letters of Illinois Department of Public Health attached and

incorporated herein as Exhibits B , Exhibit C, and Exhibit D.

9.      As a result of these problems and others not necessarily listed, Sellers breached

the warranty of fitness for a particular purpose in that the home is not "fit for the ordinary

purposes for which such goods are used" 810 ILCS 5/2-315, and also breached the implied warranty of merchantability in that the mobile home would not "pass without objection in the trade under the contract description" 810 ILCS 5/32-314.

10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

11.  Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as his expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other losses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT II

### BREACH OF WARRANTY OF FITNESS
### FOR A PARTICULAR PURPOSE -- SOUTHEASTERN HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes, states as follows:

1-8.     Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count IV of their Complaint.

9.    At all times herein, Defendant Seller knew that the Plaintiff was buying the home to live in for his own enjoyment.

10.    As a result of the aforementioned problems. Sellers breached the warranty of fitness for a particular purpose in that the home is not "fit for the ordinary purposes for which such goods are used" 810 ILCS 5/2-315.

11.    Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

12.    Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

13.    Plaintiff has suffered other losses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

        WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT III

### BREACH OF WARRANTIES OF FITNESS
### FOR A PARTICULAR PURPOSE – CHAMPION HOME BUILDERS.

NOW COMES the Plaintiff, Timothy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1.    At all times alleged herein, Defendant, Champion Home Builders, ("Manufacturer") was a manufacturer of mobile homes.

2-8.   Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count III of their Complaint.

9.    As a result of the foregoing problems, the Defendant Manufacturer breached the implied warranty of fitness for a particular purpose.

10.   Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

11.  Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.    Plaintiff has suffered other loses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT IV

## BREACH OF WARRANTIES OF FITNESS
## FOR A PARTICULAR PURPOSE – CHAMPION HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home

Builders, states as follows:

1.     At all times alleged herein, Defendant, Champion Home Builders,

("Manufacturer") was a manufacturer of mobile homes.

2-8.    Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two

through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count

III of their Complaint.

9.     As a result of the foregoing problems, the Defendant Manufacturer breached the

implied warranty of merchantability.

10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS

5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the

value of the goods accepted and the value they would have had if they had been as warranted... ".

11.  Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a

security interest in the mobile home equal to the amount of payments made on the mobile home

as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of

enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

## COUNT V

## NEGLIGENCE – SOUTHEASTERN HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9.  At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10.  As such, Seller was negligent any any one or more of the following ways, to wit:

A)  Improperly inspected the mobile home;

B)  Improperly cared for and safeguarded the mobile home while it was in their custody;

C)  Transported the mobile home in such a manner as was not reasonable nor prudent;

D)  Did not exercise ordinary care in its delivery;

E)  Hired an unlicensed party to deliver and install the mobile home.

11.  As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT VI

## NEGLIGENCE - CHAMPION HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9.  At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10.  As such, Seller was negligent any any one or more of the following ways, to wit:

A)  Improperly inspected the mobile home;

B)  Improperly cared for and safeguarded the mobile home while it was in their custody;

C)  Transported the mobile home in such a manner as was not reasonable nor prudent;

D)  Did not exercise ordinary care in its delivery;

E)  Hired an unlicensed party to deliver and install the mobile home.

11.  As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages,

including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT VII

## NEGLIGENCE – MAIN STREET MOBILE HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Main Street Mobile Homes, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9.  At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.  Further, Seller Main Street Mobile Home failed to have a valid license to deliver and install mobile homes pursuant to law.  As such, at the time of delivery and installation, Main Street Mobile Home was unlicensed.

10.  As such, Seller was negligent any any one or more of the following ways, to wit:

A)  Improperly inspected the mobile home;

B)  Improperly cared for and safeguarded the mobile home while it was in their custody;

C)  Transported the mobile home in such a manner as was not reasonable nor prudent;

D) Did not exercise ordinary care in its delivery;

E) Generally, delivered the mobile home in a negligent and careless manner;

F) Failed to maintain and possess a valid license to deliver mobile homes in violation of Illinois law.

11. As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

Plaintiff demands trial by a jury of six of his peers.

TIMOTHY W. MCREAKEN,

Plaintiff.

By_____
John E. Bradley
Counsel for Plaintiff
404 N. Monroe
Marion, IL 62959
Tele: 618-993-1356
FAX: 618-993-8702

## AFFIDAVIT

The undersigned, being first duly sworn, pursuant to Illinois Supreme Court Rule 222, upon oath deposes and says that I am an attorney for the plaintiff in the foregoing cause, and have authority to execute this affidavit, and that, to the best of my present knowledge the damages in this case might or could exceed $50,000.00.



# PURCHASE AGREEMENT-SOUTHEASTERN HOMES

*2475 HWY 45 N BOX 101, HARRISBURG, IL. 62946......Ph.618-252-7717*

## "Helping people to live in a better place ....."

Date: **9 / 7 / 16**

Sectional home:

NEW **X**                          USED _____

SINGLE **X**         DOUBLE-WIDE _____         OTHER _____

## HOME BEING PURCHASED:

YEAR **2016**              MAKE **CHAMPION – EXTREME**

MODEL OR
SERIES **EXSN8000**

OUTSIDE                    INSIDE
SIZE **56 X16**        SQ. FT. **896**

I.D.N. **021000HA002849A**

## WARRANTY:

**X** Factory:(Applies to titled NEW only) As specified by
manufacturer.

_____ Dealer:(Applies to HOMES not titled NEW) 1 YEAR from date
of delivery.   WARRANTY COVERS:
Plumbing, electrical, heat system, structural integrity.
WARRANTY DOES NOT COVER: Appliances, blinds, carpets,
flooring, cabinetry, foundation, air conditioning,INTERIOR /
EXTERIOR COSMETICS.

REMARKS: _____
_____
_____

customer inital _____        dealer initial _____

EXHIBIT
A

# PURCHASER'S INFORMATION:

BUYER ___Timothy W. McReaken___

CO-BUYER _____

ADDRESS: Street/PO Bx. __303 E North St__

City __Ridgway__ State __IL__ Zip __62979__

Home phone: __618-923-2583__ Cell # 1 _____ Cell # 2 _____

e-mail: _____ e-mail. _____

BUYER: D.O.B. __12-18-67__

S.S.# _____ D.L.# __M262-8196-7359__

CO-BUYER: D.O.B. _____

S.S.# _____ D.L.# _____

# COST OF ITEMS PURCHASED:

Home selling price $ __29990 00__

Delivery, Set up, and Trim $ __2500 00__

Opts. __Piers__ $ __960 00__

__Skirting__ $ __1152 00__

__AC__ $ __2200 00__

Trade allowance (if applicable) -$ _____

Illinois Title Fees $ __95.00__

State tax $ __1874 38__

TOTAL COST $ __38676.38__

DEALER REBATE __1000.00__

Deposit : __37676.38__

a) 10% on new orders, non-refundable. $ _____

b) Stock homes require $1000 deposit to hold for
60 days while securing financing. If after 60 days
financing is not secured, and customer is not
going to pursue financing, SH will refund $500
and retain the balance of the deposit. $ __$1000.00__

Balance due prior delivery to home site $ _____

Buyer's signature _____ date _____

Co-buyer's signature ___M McReak___ date __9-7-16__

Seller's signature ___Bob E Williams___ date __9-7-16__

PURCHASER'S INFORMATION:

BUYER _Timothy W. McReaken_

CO-BUYER _____

ADDRESS: Street/PO Bx. _303 E North St_

City _Ridgway_        State _IL_    Zip _62979_

Home phone: _618-923-2583_  Cell # 1 _____  Cell # 2 _____

e-mail: _____        e-mail _____

BUYER:D.O.B. _12-18-67_

    S.S.# _____        D.L.# _M262-8196-7359_

CO-BUYER:D.O.B. _____

    S.S.# _____        D.L.# _____

# COST OF ITEMS PURCHASED:

Home selling price                    $ _29990 ⁰⁰_

Delivery, Set up, and Trim            $ _2500 ⁰⁰_

Opts. _Piers_                         $ _960 ⁰⁰_
    _Skirting_                        $ _1152 "_
    _AC_                              $ _2200 "_

Trade allowance (if applicable)       -$ _____

Illinois Title Fees                   $    _95.00_

State tax                             $ _1874 ³⁸_

TOTAL COST                            $ _38676.38_
    _Dealer Rebate_                      _1000.00_
Deposit :                                _37676.38_
a) 15% on new orders, non-refundable.    $_18838.19_
                                          _18838.19_

b) Stock homes require $1000 deposit to hold for
60 days while securing financing. If after 60 days
financing is not secured, and customer is not
going to pursue financing, SH will refund $500
and retain the balance of the deposit.    $ _$1000.00_
Balance due prior delivery to home site $ _18838 ¹⁹_

Buyer's signature _____       date _____
Co-buyer's signature _T M McVeat_       date _9-7-16_

Seller's signature _Bob E Wilson_       date _9-7-16_



**IDPH**
ILLINOIS DEPARTMENT OF PUBLIC HEALTH

525-535 West Jefferson Street  ·  Springfield, Illinois 62761-0001  ·  www.dph.illinois.gov

February 24, 2017

CERTIFIED MAIL
7013 2630 0001 8580 2521

Main Street Mobile Homes
1303 East Main Street
P.O. Box 916
Marion, IL 62959

Dear Sirs:

The Department received a consumer complaint (enclosed) from Timothy McReaken regarding his home located at 3888 Market Street, Mulkeytown. The information provided indicates possible non-conformance to the Manufactured Home Quality Assurance Act. The Act states that all manufactured homes installed after December 21, 2001 must be installed by a licensed manufactured home installer and that the installation of the home must conform with the installation instructions provided by Champion Home Builders. Also note that as of June 1, 2016 all new manufactured homes must be installed by a Department of Housing and Urban Development (HUD) licensed installer and properly inspected. On February 8, 2017 an inspection was performed and the following items were noted:

1.  An installation seal was not affixed to the home.
2.  Home was not installed by an Illinois or HUD licensed installer.
3.  Submit a pier and foundation plan for the home and verifying that Champion approves this installation.
3.  HUD record requirements for the dealer were not processed.
4.  A HUD installation inspection was not performed prior to occupancy. See website at http://www.manufacturedhousinginstallation.com/ for installation requirements.
4.  A proper vapor barrier must be provided.
5.  Verify that the ground anchors are properly spaced in accordance with installation instructions.
6.  Proper stabilization of the ground anchors, proper installation of strapping and proper wrapping of the straps with bolt must be provided.

The above information must be submitted to the Department within 15 days of the date of this letter. If you have any questions please call me at 217-782-5830.

Sincerely,

John D. Reilly, Jr., P.E.
General Engineering Section
Division of Environmental Health

cc:    Champion Home Builders
       Southeastern Homes
       Tim McReaken

PROTECTING HEALTH. IMPROVING LIVES
Nationally Accredited by PHAB



EXHIBIT
B



**ILLINOIS DEPARTMENT OF PUBLIC HEALTH**

525-535 West Jefferson Street · Springfield, Illinois 62761-0001 · www.dph.illinois.gov

February 24, 2017

**CERTIFIED LETTER#**
7013 2630 0001 8580 2491

Champion Home Builders
2073 Evergreen Road
Dresden, TN 38225

Dear Sirs:

This Department received a complaint from Timothy McReaken of Mulkeytown, Illinois, serial number 021-000-H-A002849A, who is experiencing problems with a Champion Home Builders manufactured home. The information provided indicates possible non-conformance to the Federal Manufactured Home Construction and Safety Standards.

Pursuant to 24 CFR 3282, Subpart I, of the Manufactured Home Procedural and Enforcement Regulations, you are required to investigate any such non-conformance. On February 8, 2017 an inspection was performed. The following is a list of items noted upon investigation:

1. Holes in the bottom board need to be properly sealed.
2. Exterior doors must be properly adjusted to allow egress and eliminate air infiltration.
3. Roofing must be installed in accordance with the manufacturer's instructions, overall and at roof penetrations.
4. Electrical receptacle and lighting boxes must be properly installed on the exterior and interior.
5. Air infiltration was noted in master bedroom closet, drywall dust noted on floor under trim.
6. Bathroom tub fixtures not properly secured.
7. Drywall not properly fastened on one wall in master bedroom.
8. Floor sheathing in master bathroom not properly fastened.
9. Homeowner indicated that the home was racked, noted wall separation, ceiling cracks, kitchen cabinetry was not fastened and damaged, kitchen sink is bent, corner wall trim has issues, damage. Verify that all floor/frame lags are intact. Submit information in regards to repairs made by Champion.
10. Siding not provided in one gable end of the home.

The Department appreciates your prompt attention to these items. Should you have any questions, please contact me at 217-782-5830.

Sincerely,

John D. Reilly, Jr., P.E.
SAA Program Administrator
Division of Environmental Health

cc:   Southeastern Homes
      Main Street Mobile Homes
      Tim McReaken

**PROTECTING HEALTH. IMPROVING LIVES**
*Nationally Accredited by PHAB*

**EXHIBIT**
C



**IDPH**
ILLINOIS DEPARTMENT OF PUBLIC HEALTH

525 West Jefferson Street  •  Springfield, Illinois 62761-0001  •  www.dph.illinois.gov

December 16, 2016

**CERTIFIED MAIL**
70132630000185802484

Southeastern Homes
2475 US Highway 45 N
Harrisburg, IL 62946

Dear Sirs:

On November 23, 2016 the Department received a consumer complaint (enclosed) from Timothy McReaken regarding their home located in Mulkeytown. The information provided indicates possible non-conformance to the Manufactured Home Quality Assurance Act. The Act states that all manufactured homes installed after December 21, 2001 must be installed by a licensed manufactured home installer and that the installation of the home must conform with the installation instructions provided by Fleetwood Homes.

The following information must be provided to the Department:

1.   Indicate the name of the installer and number for the seal affixed to the home.
2.   Verify that any damages to the home were fixed in accordance with the Design Approval Primary Inspection Agencies specifications.

The above information must be submitted to the Department within 30 days of the date of this letter. If you have any questions please call me at 217-782-5830.

Sincerely,

John D. Reilly, Jr., P.E.
General Engineering Section
Division of Environmental Health

cc:   Timothy McReaken

PROTECTING HEALTH, IMPROVING LIVES
Nationally Accredited by PHAB



**EXHIBIT**

D

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
FRANKLIN COUNTY, ILLINOIS

TIMOTHY W. MCREAKEN,        )
                           )
        Plaintiff,          )
                           )
vs.                         )  Cause No.  2017-L-53
                           )
SOUTHEASTERN HOMES, CHAMPION )
HOME BUILDERS, INC. AND MAIN )
STREET MOBILE HOME,         )
                           )
        Defendants.         )

## *DEFENDANT CHAMPION HOME BUILDERS, INC.'S MOTION TO DISMISS COUNTS III, IV, AND VI OF PLAINTIFF'S COMPLAINT*

COMES NOW defendant Champion Home Builders, Inc., by and through the undersigned counsel, pursuant to 735 ILCS 5/2-615(a) and 5/2-619(a)(9), and for its Motion to Dismiss Counts III, IV, and VI of Plaintiff's Complaint, states as follows:

### *BRIEF BACKGROUND*

1. On or about July 25, 2017, plaintiff filed his Complaint against Champion Home Builders, Inc., among others. (*See* Plaintiff's Complaint, attached hereto as Ex. A)

2. In Count I, plaintiff alleges plaintiff entered into a contract with defendant Southeastern Homes for the purchase of a new Atlantic Extreme model mobile home manufactured by Champion Home Builders, Inc.

3. Plaintiff further alleges the sale was subject to the Sales Code portion of the Illinois Commercial Code.

{02180700.DOCX;1}

4.  Plaintiff alleges an implied warranty of fitness for a particular purpose was included in the contract for sale entered into with defendant Southeastern Homes pursuant to 810 ILCS 5/2-315.

5.  Plaintiff alleges after delivery and setup of the home by defendant Main Street Mobile Homes, plaintiff noticed several significant issues.

6.  As a result, plaintiff filed suit against all three defendants under a theory that defendants breached implied warranties found in 810 ILCS 5/2-314 and 5/2-315 as well as under a negligence theory.

7.  Counts III and IV of Plaintiff's Compliant are identical claims of breach of an implied warranty of fitness for a particular purpose against Champion Home Builders, Inc., and are thus addressed together.

8.  Counts III and IV should be dismissed for either or both of the following reasons:

    I.   Counts III and IV against Champion Home Builders, Inc., should be dismissed pursuant to 735 ILCS 5/2-615(a) because Plaintiff's Complaint fails to allege sufficient facts to make a claim for breach of the implied warranty of fitness for a particular purpose.

    II.  Counts III and IV against Champion Home Builders, Inc., should be dismissed pursuant to 735 ILCS 5/2-615(a) because Plaintiff does not have a contract with Champion Home Builders, Inc., that could serve as the basis of an implied warranty of fitness for a particular purpose.

9.  Count VI should be dismissed for either of the following reasons:

2

{02180700.DOCX;1}

III.   Count VI against Champion Home Builders, Inc., should be dismissed pursuant to 735 ILCS 5/2-615(a) because Plaintiff's claim for purely economic damages can only be brought within the framework of contract law.

IV.   Count VI against Champion Home Builders, Inc., should be dismissed pursuant to 735 ILCS 5/2-619(a)(9) because it is barred by the Economic Loss Doctrine (the *Moorman* Doctrine).

### *STANDARD OF REVIEW*

10. To survive a motion to dismiss, a complaint must properly plead facts satisfying the essential elements of each claim. *Carter v. New Trier High School*, 272 Ill. App. 3d 551, 555 (1st Dist. 1995). "[I]f it fails to allege such facts; the deficiency may not be cured by liberal construction." *Id.*

11. As the Illinois Supreme Court explained, "[i]n opposing a motion for dismissal under section 2-615 of the Code of Civil Procedure, a plaintiff cannot rely simply on mere conclusions of law or fact unsupported by specific factual allegations.   Illinois is . . . a fact-pleading jurisdiction, and a plaintiff must allege facts sufficient to bring his or her claim within the cause of action asserted." *Jackson v. S. Holland Dodge, Inc.*, 197 Ill. 2d 39, 52 (Ill. 2001) (citations omitted); *see also MD Elec. Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 303 (Ill. 2008).

12. The issue to be decided is whether sufficient facts are contained in the pleadings which, if established, could entitle the plaintiff to relief. *Oravek v. Community School District 146*, 264 Ill. App. 3d 895, 898 (1st Dist. 1994).   For the limited purposes of ruling on a motion to dismiss, only well-pleaded facts alleged in a complaint are assumed to be true. *Id.* at 44.

3

**I.     COUNTS III AND IV AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615(a) BECAUSE PLAINTIFF'S COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO MAKE A CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.**

13. In both Count III and IV, Plaintiff alleges that Champion Home Builders violated an implied warranty of fitness for a particular purpose stemming from his sales contract with defendant Southeastern Homes.

14. In order to state a claim for breach of implied warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-315 plaintiffs must allege:

    1) A sale of goods;

    2) The seller had reason to know the particular purpose for which the buyer required the goods;

    3) the buyer relied on the seller's skill and judgement to select suitable goods;

    4) the seller knew of the buyer's reliance on its skill and judgment; and

    5) the goods were not fit for the particular purpose for which they were used.

*See Rubin v. Marshall Field & Co.*, 232 Ill. App. 3d 522, 597 N.E.2d 688 (1992); *see also Malawy v. Richards Mfg. Co.*, 150 Ill. App. 3d 549, 501 N.E.2d 376 (1986).

15. Plaintiff's Compliant fails to allege specific facts sufficient to find defendant:

    1) sold or entered into a contract with plaintiff to sell goods;

    2) knew of a particular purpose for which plaintiff bought goods from defendant; and

    3) made representations to plaintiff regarding goods on which plaintiff relied in purchasing said goods from defendant.

16. Failure to allege facts demonstrating these elements is a failure to state a claim for which relief can be granted; therefore, Counts III and IV should be dismissed.

4

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to dismiss Plaintiff's Complaint against it for the reasons set forth herein, and for such other and further relief as this Court deems just and proper.

**II.    *COUNTS III AND IV AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615(a) BECAUSE PLAINTIFF DOES NOT HAVE A CONTRACT WITH CHAMPION HOME BUILDERS, INC., THAT COULD SERVE AS THE BASIS OF AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.***

17. In both Count III and IV, Plaintiff alleges that Champion Home Builders violated an implied warranty of fitness for a particular purpose stemming from the sales contract with defendant Southeastern Homes.

18. "Generally, under the contract principles of the Uniform Commercial Code, in order to state a claim against the defendant for breach of implied warranty, privity must exist between the plaintiff and defendant." *Bd. of Educ. v. A, C & S, Inc.*, 131 Ill. 2d 428, 461, 137 Ill. Dec. 635, 650, 546 N.E.2d 580, 595 (1989).

19. In acknowledging the public policy for this restriction, the court found "application of the rules of warranty prevents a manufacturer from being held liable for damages of unknown and unlimited scope." *Szajna v. Gen. Motors Corp.*, 115 Ill. 2d 294, 309, 104 Ill. Dec. 898, 905, 503 N.E.2d 760, 767 (1986).

20. Plaintiff's Compliant makes no allegation of privity of contract between plaintiff and defendant Champion Home Builders, Inc.; therefore, Plaintiff's Compliant is insufficient at law and should be dismissed.

5

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to dismiss Plaintiff's Complaint against it for the reasons set forth herein, and for such other and further relief as this Court deems just and proper.

### III.   COUNT VI AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615(a) BECAUSE PLAINTIFF'S CLAIM FOR PURELY ECONOMIC DAMAGES CAN ONLY BE BROUGHT WITHIN THE FRAMEWORK OF CONTRACT LAW.

21. In Count VI, Plaintiff alleges economic damages under a negligence theory against Champion Home Builders, Inc.

22. In *Moorman*, the Illinois Supreme Court limited causes of action for economic losses by "holding that recovery for economic loss must be had within the framework of contract law." *Szajna*, 115 Ill. 2d at 304.

23. A purely economic loss is one where damages are sought only for "costs of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to property." *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 82 (Ill. 1982).

24. Thus, plaintiff's reliance on tort theory for their economic loss is misplaced as "contract law and the UCC afford the parties their remedies and defenses." *Seegers Grain Co. v. United States Steel Corp.*, 218 Ill. App. 3d 357, 369, 160 Ill. Dec. 793, 800, 577 N.E.2d 1364, 1371 (1991).

25. A plaintiff's ability to recover under an action in contract is irrelevant when courts determine if the application of the *Moorman* Doctrine bars a plaintiff's claim in tort. *Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 115 Ill. 2d 146, 150, 104 Ill. Dec. 689, 690-91, 503 N.E.2d 246, 247-48 (1986).

6

26. Since Plaintiff has only alleged economic damages, i.e. cost of repair and loss of value in the mobile home, Plaintiff's claim may only be properly brought under a contract law framework; therefore, Plaintiff's negligence claim should be dismissed.

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to dismiss Plaintiff's Complaint against it for the reasons set forth herein, and for such other and further relief as this Court deems just and proper.

### IV.   COUNT VI AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-619(a)(9) IT IS BARRED BY THE ECONOMIC LOSS DOCTRINE (THE MOORMAN DOCTRINE).

27. In Count VI, Plaintiff alleges economic damages under a negligence theory against Champion Home Builders, Inc.

28. "To recover in negligence there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." *Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 115 Ill. 2d at 150.

29. A plaintiff's ability to recover under an action in contract is irrelevant when courts determine if the application of the *Moorman* Doctrine bars a plaintiff's claim in tort. *See id.*

30. Further, "[w]hen the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery." *Moorman*, 91 Ill. 2d at 88.

31. Since Plaintiff has only alleged economic damages, i.e. cost of repair and loss of value in the mobile home, Plaintiff's negligence claim is barred by the Moorman Doctrine and should be dismissed.

7

{02180700.DOCX;1}

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to dismiss Plaintiff's Complaint against it for the reasons set forth herein, and for such other and further relief as this Court deems just and proper.

William S. Thomas  #6227180
Attorney for Defendant Champion Home Builders
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

## AFFIDAVIT OF SERVICE

A copy of the foregoing has been served on counsel via Odyssey eFileIL and emailed, on this 24 day of Sept., 2018.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

8

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

TIMOTHY W. MCREAKEN                )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )   2017-L- 5 3
                                   )
SOUTHEASTERN HOMES,                )
CHAMPION HOME BUILDERS, INC., and  )   **FILED**
MAIN STREET MOBILE HOME            )
                                   )   JUL 2 5 2017
            Defendants.            )
                                       *Jim Muir*
                        **COMPLAINT**   FRANKLIN COUNTY CIRCUIT CLERK

### COUNT I

### BREACH OF WARRANTY
### OF MERCHANTABILITY – SOUTHEASTERN HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes,

states as follows:

      1.      At all times alleged herein, Defendant, Southeastern Homes ("Seller") was a seller

of mobile homes pursuant to 810 ILCS 5/2-103 and a merchant seller of goods, meaning, "a

person who deals in goods of the kind or otherwise by his occupation holds himself out as having

knowledge or skill peculiar to the practice of the goods involved in the transaction or to whom

such knowledge or skill may be attributed by his employment of an agent or broker or other

intermediary who by his occupation holds himself out as having such knowledge or skill."

      2.      On or about September 17, 2017, Plaintiff, ("Buyer") entered into a contract

("Contract") with Seller for the purchase of a new Atlantic Extreme model mobile home


EXHIBIT
A

manufactured by Champion Home Builders, ("Manufacturer"), a copy of the Contract executed

by Buyer and Seller, being attached herein and marked as Exhibit A.

3.      The mobile home which was the subject of the Contract entered into on or about

September 17, 2017, is "goods" as defined under the UCC, that is, a thing "moveable at the time

of identification to the contract for sale other than the money in which the price is to be paid",

and said mobile home was sold pursuant to the Contract, thereby subjecting the Contract and the

circumstances surrounding it to the Sales Code portion of the Uniform Commercial Code, and

the applicable law as adopted by Illinois.  810 ILCS 5/2-101 et. seq.

4.      As such, in selling said mobile home, the Contract for sale included an implied

warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-315 and an implied

warranty of merchantability pursuant to 810 ILCS 5/2-314.

5. As part of the Contract for the sale of the mobile home, Seller agreed to deliver the

mobile home to a location owned by Buyer in Mulkeytown, Illinois.

6.      On or about the end of September, Main Street Mobile Homes, delivered the

home to Buyer's property location in Mulkeytown Illinois.

7.      Upon receipt of the mobile home, Buyer noticed several significant problems.

8.      Buyer notified Seller of several significant problems.  Further, Buyer notified the

Illinois Department of Public Health of the problems, and the Illinois Department of Public

Health conducted an investigation including an inspection, and found several significant

problems with the home.  See letters of Illinois Department of Public Health attached and

incorporated herein as Exhibits B , Exhibit C, and Exhibit D.

9.      As a result of these problems and others not necessarily listed, Sellers breached

the warranty of fitness for a particular purpose in that the home is not "fit for the ordinary

purposes for which such goods are used" 810 ILCS 5/2-315, and also breached the implied

warranty of merchantability in that the mobile home would not "pass without objection in the

trade under the contract description" 810 ILCS 5/32-314.

    10.    Under the provisions of the Uniform Commercial Code, specifically 810 ILCS

5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the

value of the goods accepted and the value they would have had if they had been as warranted... ".

    11. Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a

security interest in the mobile home equal to the amount of payments made on the mobile home

as well as his expenses in inspecting, caring, and holding it during the pendency of this action.

    12.    Plaintiff has suffered other losses including trips to make complaints, loss of

enjoyment, and other consequential and incidental damages.

    WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.


                                    **COUNT II**

                    **BREACH OF WARRANTY OF FITNESS**
        **FOR A PARTICULAR PURPOSE -- SOUTHEASTERN HOMES**

    NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes,

states as follows:

    1-8.    Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs

one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of

Count IV of their Complaint.

9.      At all times herein, Defendant Seller knew that the Plaintiff was buying the home to live in for his own enjoyment.

10.     As a result of the aforementioned problems. Sellers breached the warranty of fitness for a particular purpose in that the home is not "fit for the ordinary purposes for which such goods are used" 810 ILCS 5/2-315.

11.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

12.     Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

13.     Plaintiff has suffered other losses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

        WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.


## COUNT III

### BREACH OF WARRANTIES OF FITNESS
### FOR A PARTICULAR PURPOSE – CHAMPION HOME BUILDERS.

        NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1.      At all times alleged herein, Defendant, Champion Home Builders,

("Manufacturer") was a manufacturer of mobile homes.

2-8.    Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two

through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count

III of their Complaint.

9.      As a result of the foregoing problems, the Defendant Manufacturer breached the

implied warranty of fitness for a particular purpose.

10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS

5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the

value of the goods accepted and the value they would have had if they had been as warranted... ".

11.    Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a

security interest in the mobile home equal to the amount of payments made on the mobile home

as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of

enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

## COUNT IV

### BREACH OF WARRANTIES OF FITNESS
### FOR A PARTICULAR PURPOSE – CHAMPION HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1.     At all times alleged herein, Defendant, Champion Home Builders, ("Manufacturer") was a manufacturer of mobile homes.

2-8.     Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count III of their Complaint.

9.     As a result of the foregoing problems, the Defendant Manufacturer breached the implied warranty of merchantability.

10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

11.   Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT V

## NEGLIGENCE – SOUTHEASTERN HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9. At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10. As such, Seller was negligent any any one or more of the following ways, to wit:

A) Improperly inspected the mobile home;

B) Improperly cared for and safeguarded the mobile home while it was in their custody;

C) Transported the mobile home in such a manner as was not reasonable nor prudent;

D) Did not exercise ordinary care in its delivery;

E) Hired an unlicensed party to deliver and install the mobile home.

11. As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

<div align="center">

**COUNT VI**

**NEGLIGENCE - CHAMPION HOMES**

</div>

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1-8.    Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9. At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10. As such, Seller was negligent any any one or more of the following ways, to wit:

A)  Improperly inspected the mobile home;

B)  Improperly cared for and safeguarded the mobile home while it was in their custody;

C)  Transported the mobile home in such a manner as was not reasonable nor prudent;

D)  Did not exercise ordinary care in its delivery;

E)  Hired an unlicensed party to deliver and install the mobile home.

11. As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages,

including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT VII

## NEGLIGENCE – MAIN STREET MOBILE HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Main Street Mobile Homes, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9. At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract. Further, Seller Main Street Mobile Home failed to have a valid license to deliver and install mobile homes pursuant to law. As such, at the time of delivery and installation, Main Street Mobile Home was unlicensed.

10. As such, Seller was negligent any any one or more of the following ways, to wit:

A) Improperly inspected the mobile home;

B) Improperly cared for and safeguarded the mobile home while it was in their custody;

C) Transported the mobile home in such a manner as was not reasonable nor prudent;

D) Did not exercise ordinary care in its delivery;

E) Generally, delivered the mobile home in a negligent and careless manner;

F) Failed to maintain and possess a valid license to deliver mobile homes in violation of Illinois law.

11. As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

Plaintiff demands trial by a jury of six of his peers.

TIMOTHY W. MCREAKEN,

Plaintiff.

By_____

John E. Bradley
Counsel for Plaintiff
404 N. Monroe
Marion, IL 62959
Tele: 618-993-1356
FAX: 618-993-8702

**AFFIDAVIT**

The undersigned, being first duly sworn, pursuant to Illinois Supreme Court Rule 222, upon oath deposes and says that I am an attorney for the plaintiff in the foregoing cause, and have authority to execute this affidavit, and that, to the best of my present knowledge the damages in this case might or could exceed $50,000.00.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

| | |
|---|---|
| TIMOTHY W. MCREAKEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2017-L-53 |
| ) | |
| SOUTHEASTERN HOMES, ) | |
| CHAMPION HOME BUILDERS, INC., and ) | |
| MAIN STREET MOBILE HOME ) | |
| ) | |
| Defendants. ) | |

## RESPONSE TO MOTION TO DISMISS

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his response to Motion to Dismiss states as follows:

1. Plaintiff is in receipt of Defendant Champion Home Builder's Motion to Dismiss

Counts III, IV, and VI of Plaintiff's Complaint.

2. Defendant is the manufacturer of the Mobile Home in question.

3. The mobile home in question has significant problems and had same upon delivery.

4. Under the interpretations and theories set forth by Defendant Champion Home

Builder's, the manufacturer of a product delivered to a purchaser in a substandard manner would

never and could never be held accountable in Illinois.

5. That is not Illinois law.

6. The agency of Champion Home Builders with regards to this matter, including but not

limited to the other Defendants is still in question.

7. The relationship of the defendants is a question of fact.

8. The manufacturer and seller of a mobile home cannot obfuscate responsibility by

tortured contrivances of the Moorman doctrine.

WHEREFORE, PLAINTIFF, TIMOTHY W. MCREAKEN prays that the Motion to

dismiss be denied and for any and all further relief that the Court deems fair and just in the

premises.

TIMOTHY W. MCREAKEN

Plaintiff.

By: _____

John E. Bradley
John E. Bradley Law Firm
1905 West Main
Marion, IL 62959

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has caused true and correct copies of AGREEDF
MOTION TO CONTINUE to be mailed to:

Bill Thomas
PITZER SNODGRASS, P.C.
100 South Fourth Street
St.Louis Missouri 63102-1821

by causing the same to be placed in a sealed envelope, clearly addressed as aforesaid, with
proper postage fully prepaid, and by depositing same in the United States mail at Marion,
Illinois, on the 12th day of November, 2018, before 5:30 p.m.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

TIMOTHY W. MCREAKEN                    )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )     2017-L-53
                                       )
SOUTHEASTERN HOMES,                    )
CHAMPION HOME BUILDERS, INC., and      )
MAIN STREET MOBILE HOME                )
                                       )
            Defendants.

## AMENDMENT TO COMPLAINT

The parties appeared in Court with regards to Defendant Champion Homes, Inc.'s Motion

to Dismiss Counts III, IV, and VI.  Pursuant to hearing, and with Plaintiff's counsel's

understanding that the Court has held the Motion to Dismiss of Champion Homes, Inc, and Main

Street Mobile Homes having answered the Counts directed toward it, and in compliance with the

deadline set by this Court, Plaintiff now offers this amendment to the Complaint as to Counts III,

IV, and VI.

## COUNT III

## BREACH OF WARRANTIES OF FITNESS
## FOR A PARTICULAR PURPOSE – CHAMPION HOME BUILDERS.

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Amendment to Complaint against the Defendant,

Champion Home Builders, states as follows:

1.     At all times alleged herein, Defendant, Champion Home Builders, Inc.

("Manufacturer") was a manufacturer of mobile homes.  Upon information and belief,

Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc.

2-8.     Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two

through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count

III of their Complaint.

9.     As a result of the foregoing problems, the Defendant Manufacturer and or one or

more of its agents breached the implied warranty of fitness for a particular purpose.

10.     Plaintiff has suffered significant property loss as a result of the aforementioned

actions.  Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714,

Buyer is entitled to "the difference at the time and place of acceptance between the value of the

goods accepted and the value they would have had if they had been as warranted... ".

11. Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a

security interest in the mobile home equal to the amount of payments made on the mobile home

as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of

enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

## COUNT IV

### PRODUCT LIABILITY – CHAMPION HOME BUILDERS.

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Amendment to Complaint against the Defendant,

Champion Home Builders, states as follows: ·

1.      At all times alleged herein, Defendant, Champion Home Builders, Inc.

("Manufacturer") was a manufacturer of mobile homes.  Upon information and belief,

Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc.

2-8.     Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two

through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count

III of their Complaint.

9.      The Defendant Manufacturer produced a defective product and owed a duty to the

Plaintiff under both contract and tort liability.

10.     Plaintiff has suffered significant property value loss as a result of the

aforementioned defective product.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

## COUNT VI

### NEGLIGENCE - CHAMPION HOMES

NOW COMES the Plaintiff, Timothy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Amendment to Complaint against the Defendant,

Champion Home Builders, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9.  Upon information and belief, the Defendant Southeastern Homes was an authorized dealer and agent of Champion Homes.

9.  At all times herein, Champion owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10.  As such, Champion, and or one of its agents was negligent any one or more of the following ways, to wit:

A)  Improperly inspected the mobile home;

B)  Improperly cared for and safeguarded the mobile home while it was in their custody;

C)  Transported the mobile home in such a manner as was not reasonable nor prudent;

D)  Did not exercise ordinary care in its delivery or in the selection or arrangement of agents to perform said delivery;

E)  Hired an unlicensed party to deliver and install the mobile home.

11.  As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages to his property, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, and loss of enjoyment.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

Plaintiff demands trial by a jury of six of his peers.

TIMOTHY W. MCREAKEN,

Plaintiff.

By

John E. Bradley
Counsel for Plaintiff
404 N. Monroe
Marion, IL 62959
Tele: 618-993-1356
FAX: 618-993-8702

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has caused true and correct copies of
AMENDMENT TO COMPLAINT to be mailed to:

Bill Thomas                          Michael D. Cerulo
PITZER SNODGRASS, P.C.               BATY, HOLM, NUMRICH & OTTO, P.C.
100 South Fourth Street              231 S. Berniston Avenue Suite 1100
St.Louis Missouri 63102-1821         St. Louis, MO, 63105

by causing the same to be placed in a sealed envelope, clearly addressed as aforesaid, with
proper postage fully prepaid, and by depositing same in the United States mail at Marion,
Illinois, on the 4th day of January, 2019, before 5:30 p.m.

**IN THE CIRCUIT COURT**
**FOR THE SECOND JUDICIAL DISTRICT**
**FRANKLIN COUNTY, ILLINOIS**

| | | |
|---|---|---|
| TIMOTHY W. McREAKEN, | ) | **FILED**<br>**Franklin Co. Circuit Court**<br>**2nd Judicial Circuit** |
| | ) | **Date: 1/22/2019 11:46 AM** |
| Plaintiffs, | ) | **Jim Muir** |
| | ) | Cause No. 2017-L-53 |
| v. | ) | |
| | ) | |
| SOUTHEASTERN HOMES, | ) | |
| CHAMPION HOME BUILDERS, INC. | ) | |
| and MAIN STREET MOBILE HOMES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MAIN STREET MOBILE HOMES' ANSWER**
**TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant KKN Main Street Mobile, Inc., incorrectly named as Main

Street Mobile Homes, ("Defendant" and/or "KKN"), by and through the undersigned counsel,

and for its Answer to Plaintiff Timothy W. McReaken's Amended Complaint, states the

following:

**COUNT I: BREACH OF WARRANTY**
**OF MERCHANTABILITY- SOUTHEASTERN HOMES**

1.     Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN is without sufficient knowledge, information, or belief as to the

allegations contained in Paragraph 1 of Count I of Plaintiff's Amended Complaint.

2.     Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN is without sufficient knowledge, information, or belief as to the

allegations contained in Paragraph 2 of Count I of Plaintiff's Amended Complaint.

{BHNO:00427671.DOCX; 1}

3.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 3 of Count I of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required.  Should any additional response be required by this Defendant, Defendant KKN denies the same.

4.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 4 of Count I of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required.  Should any additional response be required by this Defendant, Defendant KKN denies the same.

5.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN is without sufficient knowledge, information, or belief as to the allegations contained in Paragraph 5 of Count I of Plaintiff's Amended Complaint.

6.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 6 of Count I of Plaintiff's Amended Complaint.

7.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 7 of Count I of Plaintiff's Amended Complaint.

8.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action

2

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 8 of Count I of Plaintiff's Amended Complaint.

9.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 9 of Count I of Plaintiff's Amended Complaint.

10.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 10 of Count I of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required.  Should any additional response be required by this Defendant, Defendant KKN denies the same.

11.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 11 of Count I of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required.  Should any additional response be required by this Defendant, Defendant KKN denies the same.

12.      Count I of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 12 of Count I of Plaintiff's Amended Complaint.

3

## COUNT II: BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE – SOUTHEASTERN HOMES

1.     Defendant KKN adopts and incorporates by reference its responses to Paragraphs 1 through 8 of Count I and of Count IV of Plaintiff's Amended Complaint as if fully set forth herein.

9.     Count II of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN is without sufficient knowledge, information, or belief as to the allegations contained in Paragraph 9 of Count II of Plaintiff's Amended Complaint.

10.     Count II of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 10 of Count II of Plaintiff's Amended Complaint.

11.     Count II of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 11 of Count II of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required.  Should any additional response be required by this Defendant, Defendant KKN denies the same.

12.     Count II of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 12 of Count II of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required.  Should any additional response be required by this Defendant, Defendant KKN denies the same.

4

13.     Count II of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 13 of Count II of Plaintiff's Amended Complaint.

## COUNT III: BREACH OF WARRANTIES OF FITNESS FOR A PARTICULAR PURPOSE – CHAMPION HOME BUILDERS

1.     Count III of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN is without sufficient knowledge, information, or belief as to the allegations contained in Paragraph 1 of Count III of Plaintiff's Amended Complaint.

2.     Defendant KKN adopts and incorporates by reference its responses to Paragraphs 2 through 8 of Count I as if fully set forth herein.

9.     Count III of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 9 of Count III of Plaintiff's Amended Complaint.

10.     Count III of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 10 of Count III of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required. Should any additional response be required by this Defendant, Defendant KKN denies the same.

11.     Count III of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN states that Paragraph 11 of Count III of Plaintiff's Amended

Complaint contains a legal conclusion to which no response from this Defendant is required.

Should any additional response be required by this Defendant, Defendant KKN denies the same.

12.     Count III of Plaintiffs' Amended Complaint does not state a claim or cause of action

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN denies the allegations contained in Paragraph 12 of Count III of

Plaintiff's Amended Complaint.

## COUNT IV: BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE – CHAMPION HOMES

1.     Count IV of Plaintiffs' Amended Complaint does not state a claim or cause of action

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN is without sufficient knowledge, information, or belief as to the

allegations contained in Paragraph 1 of Count IV of Plaintiff's Amended Complaint.

2.     Defendant KKN adopts and incorporates by reference its responses to Paragraphs 2

through 8 of Count I and of Count III as if fully set forth herein.

9.     Count IV of Plaintiffs' Amended Complaint does not state a claim or cause of action

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN denies the allegations contained in Paragraph 9 of Count IV of

Plaintiff's Amended Complaint.

10.     Count IV of Plaintiffs' Amended Complaint does not state a claim or cause of action

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is

required, Defendant KKN states that Paragraph 10 of Count IV of Plaintiff's Amended

Complaint contains a legal conclusion to which no response from this Defendant is required.

6

Should any additional response be required by this Defendant, Defendant KKN denies the same.

11.     Count IV of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN states that Paragraph 11 of Count IV of Plaintiff's Amended Complaint contains a legal conclusion to which no response from this Defendant is required. Should any additional response be required by this Defendant, Defendant KKN denies the same.

12.     Count IV of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 12 of Count IV of Plaintiff's Amended Complaint.

## <u>COUNT V: NEGLIGENCE— SOUTHEASTERN HOMES</u>

1.     Defendant KKN adopts and incorporates by reference its responses to Paragraphs 1 through 8 of Count I and of Count III of Plaintiff's Amended Complaint as if fully set forth herein.

9.     Count V of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 9 of Count V of Plaintiff's Amended Complaint.

10.     Count V of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 10 of Count V of Plaintiff's Amended Complaint, including all subparts thereto.

11.     Count V of Plaintiffs' Amended Complaint does not state a claim or cause of action

7

against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 11 of Count V of Plaintiff's Amended Complaint.

## COUNT VI: NEGLIGENCE— CHAMPION HOMES

1.    Defendant KKN adopts and incorporates by reference its responses to Paragraphs 1 through 8 of Count I and of Count III of Plaintiff's Amended Complaint as if fully set forth herein.

9.    Count VI of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 9 of Count Vi of Plaintiff's Amended Complaint.

10.    Count VI of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 10 of Count VI of Plaintiff's Amended Complaint, including all subparts thereto.

11.    Count VI of Plaintiffs' Amended Complaint does not state a claim or cause of action against Defendant KKN, and therefore, an answer is not required. To the extent an answer is required, Defendant KKN denies the allegations contained in Paragraph 11 of Count VI of Plaintiff's Amended Complaint.

## COUNT VII: NEGLIGENCE—MAIN STREET MOBILE HOMES

1.    Defendant KKN adopts and incorporates by reference its responses to Paragraphs 1 through 8 of Count I and of Count III of Plaintiff's Amended Complaint as if fully set forth herein.

8

9.      Defendant KKN denies the allegations in Paragraph 9 of Count VII of Plaintiff's Amended Complaint.

10.      Defendant KKN denies the allegations in Paragraph 10 of Count VII of Plaintiff's Amended Complaint, including all subparts thereto.

11.      Defendant KNN denies the allegations in Paragraph 11 of Count VII of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

1.      Defendant KKN denies each and every allegation set forth in Plaintiff's Amended Complaint directed to or construed against it not specifically admitted herein, including, but not limited to, all wherefore clauses.

2.      Plaintiff's Amended Complaint fails to state a cause of action against Defendant KKN for which relief may be granted.

3.      Defendant KKN is not required to respond to any averments and/or allegations set forth in Plaintiff's Amended Complaint which are issues, statements or questions of law.

4.      If Plaintiff sustained any damages, which Defendant KKN denies, the same were caused or contributed to be caused by the intervening acts or omissions or superseding negligence and/or the subsequent conduct or fault of persons, parties or entities over whom Defendant KKN had neither control nor right to control.

5.      If Plaintiffs sustained damages as alleged and it is determined that Defendant KKN was at fault in any way, which Defendant KKN specifically denies, Defendant KKN is entitled to a reduction and/or setoff of any judgment against it in the amount of all good faith settlement(s) paid or to be paid by other tortfeasors or a party.

9

6.      Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendant KKN on the basis that Defendant KKN performed its scope of work as set forth in its contract, in accordance with the plans and specifications, in accordance with all applicable law and regulations, in accordance with all contract documents, and in a good workmanlike manner and there is no evidence that any work performed by Defendant KKN caused damage to Plaintiff.

7.      If Plaintiff sustained any injuries or damages as alleged, which Defendant KKN denies, the same were caused or contributed to be caused, in whole or in part, by the contributory or comparative negligence or fault or other culpable conduct of Plaintiff and/or some other person or party and not as a result of any negligence, or any other culpable conduct on the part of Defendant KKN. Accordingly, Plaintiff should be barred from recovery against Defendant KKN or, in the alternative, the recovery against Defendant KKN should be reduced due to the contributory or comparative negligence or fault, or other culpable conduct of Plaintiff, other defendants, and/or some other person or party and hereby requests a percentage allocation of the same.

8.      Any damages suffered by Plaintiff as a result of the circumstances pled in his Amended Complaint were the direct result of Plaintiff's failure to take reasonable action to prevent damages, and by such failure, Plaintiff failed to mitigate any damages in this action.

9.      In the event Defendant KKN is found to be at fault by the trier of fact, which fault Defendant KKN expressly denies, Defendant KKN denies joint and several liability for any of Plaintiff's injury or damage.

10.      Plaintiff or his agents inspected the work, and Plaintiff paid for such Work, thus Plaintiff's claims are barred by accord and satisfaction.

11.     Plaintiff's claims are barred by the doctrine of estoppel, waiver and/or laches.

12.     Plaintiff's claim of negligence against Defendant KKN is barred, in whole or part, by the Economic Loss Doctrine.

13.     To the extent Plaintiff sustained any damages, which Defendant KKN specifically denies, Plaintiff's alleged damages were not reasonably foreseeable and, therefore, any recovery against Defendant KKN should be barred.

14.     To the extent Plaintiff sustained any damages, which Defendant KKN specifically denies, Plaintiff's claim against Defendant KKN is barred by the Economic Loss Doctrine under *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (Ill. 1982).

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant KKN Main Street Mobile, Inc. prays this Court dismiss Plaintiff's Amended Complaint, enter judgment in Defendant KKN Main Street Mobile, Inc.'s favor and against Plaintiff, award Defendant KKN Main Street Mobile, Inc. its costs herein incurred and for such other and further relief as this Court deems just and proper.

*/s/ Michael D. Cerulo*
Michael D. Cerulo #6294217
Erica L. Briscoe #6316273
BATY, HOLM, NUMRICH & OTTO, P.C.
231 S. Bemiston Avenue, Suite 1100
St. Louis, MO   63105
Telephone:     314-863-6274
Facsimile:     314-863-6407
mcerulo@batyholm.com
ebriscoe@batyholm.com
**ATTORNEYS FOR DEFENDANT
KKN MAIN STREET MOBILE, INC.**

11

***<u>Certificate of Service</u>***
I do hereby certify that a copy of the
above and foregoing was sent, via
U.S. Mail, this 22nd day of January,
2019, to:

John E. Bradley
John E. Bradley Law Firm
1905 W. Main St
Marion, IL 62959
ATTORNEYS FOR PLAINTIFF


William Thomas
GAUSNNELL, O'KEEFE & THOMAS, LLC
701 Market Street, Suite 200
St. Louis, MO 63101
ATTORNEYS FOR DEFENDANT CHAMPION


*/s/ Michael D. Cerulo*
ATTORNEYS FOR DEFENDANT
KKN MAIN STREET MOBILE, INC.

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
FRANKLIN COUNTY, ILLINOIS

TIMOTHY W. MCREAKEN,                    )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )   Cause No.  2017-L-53
                                         )
SOUTHEASTERN HOMES, CHAMPION             )
HOME BUILDERS, INC. AND MAIN             )
STREET MOBILE HOME,                      )
                                         )
          Defendants.                    )

## *DEFENDANT CHAMPION HOME BUILDERS, INC.'S MOTION TO DISMISS COUNTS III, IV, AND VI OF PLAINTIFF'S AMENDED COMPLAINT*

COMES NOW defendant Champion Home Builders, Inc., by and through its undersigned counsel, pursuant to 735 ILCS 5/2-615(a) and 5/2-619(a)(9), and for its Motion to Dismiss Counts III, IV, and VI of Plaintiff's Amended Complaint, states as follows:

### *BACKGROUND*

1.    On or about July 25, 2017, plaintiff filed his original Complaint against Champion Home Builders, Inc., among others. *See Plaintiff's Complaint, attached hereto as Ex. A.*

2.    In Count I, plaintiff alleged that plaintiff entered into a contract with defendant Southeastern Homes for the purchase of a new Atlantic Extreme model mobile home manufactured by Champion Home Builders, Inc. *Id.*

3.    Plaintiff further alleged the sale was subject to the Sales Code portion of the Illinois Commercial Code. *Id.*

4.     Plaintiff alleged an implied warranty of fitness for a particular purpose was included in the contract for sale entered into with defendant Southeastern Homes pursuant to 810 ILCS 5/2-315. *Id.*

5.     Plaintiff then alleged that he noticed several significant issues after delivery and setup of the home by defendant Main Street Mobile Homes. *Id.*

6.     As a result, plaintiff filed suit against all three defendants under a theory that defendants breached implied warranties found in 810 ILCS 5/2-314 and 5/2-315. *Id.* Plaintiff also alleged that defendants were liable under a negligence theory. *Id.*

7.     Counts III, IV, and VI of the original Complaint were directed toward defendant Champion Home Builders, Inc. *Id.* Counts III and IV of Plaintiff's original Complaint were identical claims of breach of an implied warranty of fitness for a particular purpose against Champion Home Builders, Inc. Count VI of Plaintiff's original Complaint alleged that defendant Champion Home Builders, Inc. breached its duty of care to plaintiff regarding the sale and delivery of the subject mobile home under a negligence theory.

8.     On or about September 24, 2018, defendant Champion Home Builders, Inc. filed a Motion to Dismiss Counts III, IV, and VI of the original Complaint pursuant to 735 ILCS 5/2-615(a) and 5/2-619(a)(9). In its Motion, Champion Home Builders, Inc. argued that Counts III and IV should be dismissed because plaintiff failed to allege sufficient facts to make a claim for breach of the implied warranty of fitness for a particular purpose and/or because plaintiff did not have a contract with Champion Home Builders, Inc. that could serve as the basis of an implied warranty of fitness for a particular purpose. With respect to Count VI, defendant asserted that plaintiff's negligence claim against it should be dismissed because plaintiff's claim for purely

2

economic damages could only be brought within the framework of contract law and/or because said claim is barred by the Economic Loss Doctrine (*i.e.*, the *Moorman* Doctrine).

9.    On November 19, 2018, the parties appeared before the Court for a hearing on defendant Champion Home Builders, Inc.'s Motion to Dismiss. After hearing oral argument, the Court granted defendant's Motion, dismissing Counts III, IV, and VI of the Complaint against Champion Home Builders, Inc. At that time, the Court gave plaintiff until January 4, 2019 to file an Amended Complaint and correct the deficiencies in his claims against Champion Home Builders, Inc.

10.   On January 4, 2019, plaintiff filed an Amendment to his Complaint, amending Counts III, IV, and VI against defendant Champion Home Builders, Inc. *See Plaintiff's Amendment to Complaint, attached hereto as Ex. B.*

11.   As discussed in more detail below, the amendments to Counts III, IV, and VI fail to correct the deficiencies found in plaintiff's original Complaint and, in the case of Count IV of the Amended Complaint which for the first time alleges strict product liability against Champion Home Builders, Inc., creates new issues. Accordingly, Counts III, IV, and VI of the Amended Complaint should be dismissed as to defendant Champion Home Builders, Inc.

### *STANDARD OF REVIEW*

12.   To survive a motion to dismiss, a complaint must properly plead facts satisfying the essential elements of each claim. *Carter v. New Trier High School*, 272 Ill. App. 3d 551, 555 (1st Dist. 1995). "[I]f it fails to allege such facts; the deficiency may not be cured by liberal construction." *Id.*

13.   As the Illinois Supreme Court explained, "[i]n opposing a motion for dismissal under section 2-615 of the Code of Civil Procedure, a plaintiff cannot rely simply on mere conclusions of

3

law or fact unsupported by specific factual allegations. Illinois is . . . a fact-pleading jurisdiction, and a plaintiff must allege facts sufficient to bring his or her claim within the cause of action asserted." *Jackson v. S. Holland Dodge, Inc.*, 197 Ill. 2d 39, 52 (Ill. 2001) (citations omitted); *see also MD Elec. Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 303 (Ill. 2008).

14.   The issue to be decided is whether sufficient facts are contained in the pleadings which, if established, could entitle the plaintiff to relief. *Oravek v. Community School District 146*, 264 Ill. App. 3d 895, 898 (1st Dist. 1994). For the limited purposes of ruling on a motion to dismiss, only well-pleaded facts alleged in a complaint are assumed to be true. *Id.* at 44.

   *I.     COUNT III AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615(a) BECAUSE PLAINTIFF'S AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO MAKE A CLAIM FOR BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.*

15.   In Count III of the Amended Complaint, plaintiff alleges that Champion Home Builders violated an implied warranty of fitness for a particular purpose stemming from his sales contract with defendant Southeastern Homes.

16.   In order to state a claim for breach of implied warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-315, plaintiffs must allege:

   1)  A sale of goods;

   2)  The seller had reason to know the particular purpose for which the buyer required the goods;

   3)  the buyer relied on the seller's skill and judgement to select suitable goods;

   4)  the seller knew of the buyer's reliance on its skill and judgment; and

   5)  the goods were not fit for the particular purpose for which they were used.

4

See *Rubin v. Marshall Field & Co.*, 232 Ill. App. 3d 522, 597 N.E.2d 688 (1992); *see also Malawy v. Richards Mfg. Co.*, 150 Ill. App. 3d 549, 501 N.E.2d 376 (1986).

17. Plaintiff's Amended Complaint fails to allege specific facts sufficient to find defendant:

    1) sold or entered into a contract with plaintiff to sell goods;

    2) knew of a particular purpose for which plaintiff bought goods from defendant; and

    3) made representations to plaintiff regarding goods on which plaintiff relied in purchasing said goods from defendant.

18. Count III of the Amended Complaint is nearly indistinguishable from Count III as pled in the original Complaint.

19. As in the original Complaint, Count III of the Amended Complaint does not allege sufficient facts to find that defendant either knew of a particular purpose for which plaintiff bought goods from defendant and made representations to plaintiff regarding goods on which plaintiff relied in purchasing said goods from defendant. In other words, plaintiff did not remedy the deficiencies found in his original Complaint with respect to those essential elements of his claim.

20. Plaintiff presumably attempts to allege facts to establish that Champion Home Builders, Inc. sold or entered into a contract with plaintiff to sell goods by alleging that "Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc." *See Amended Complaint, Count III at ¶ 1.*

21. However, it is well established under Illinois law that "[a] complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship. It is insufficient to merely plead the legal conclusion of agency." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 497 (1996)(internal citations omitted).

{02177414.DOCX;1}

22.    In *Connick*, the court found that the allegation in the complaint which stated that the dealers were "authorized dealers" of defendant Suzuki Motor Co., Ltd. was merely an allegation that the dealers were given permission to sell Suzuki vehicles. *Id.* at 499. There were no allegations that Suzuki expressly gave authority to the individual dealers to bind them nor did they allege that the position of the dealers inherently gave them implied authority to act on behalf of Suzuki. *Id.* at 498. This, without more, was insufficient to impose liability on Suzuki for the actions of the dealers. *Id.* at 498-99. Further, the court found that plaintiffs did not adequately allege apparent agency, noting that, "[o]ther than alleging that the dealers were 'authorized,' plaintiffs made no allegations about how Suzuki held out the dealers as its agents." *Id.* at 499.

23.    Here, as in *Connick*, plaintiff has failed to allege sufficient facts in his Amended Complaint to establish that Southeastern Homes was acting as an agent of Champion Home Builders, Inc. Plaintiff has not alleged facts that would establish that Champion Home Builders, Inc. expressly gave authority to Southeastern Homes to bind them, nor has he alleged that the position of Southeastern Homes inherently gave them implied authority to act on behalf of Champion Home Builders, Inc. Additionally, plaintiff has not made any factual allegations regarding specifically how Champion Home Builders, Inc. held Southeastern Homes out as its agent. Instead, plaintiff merely states the legal conclusion that "Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc." This is insufficient under the fact pleading requirements of Illinois law. Accordingly, plaintiff has not alleged sufficient facts to establish that Champion Home Builders, Inc. sold or entered into a contract with plaintiff to sell goods, thereby failing to allege facts demonstrating an essential element of his claim that Champion Home Builders, Inc. breached its implied warranty of fitness for a particular purpose.

6

24.   Failure to allege facts demonstrating these elements is a failure to state a claim for which relief

can be granted. Accordingly, Count III of the Amended Complaint should be dismissed.

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to

dismiss Count III of Plaintiff's Amended Complaint against it for the reasons set forth herein, and

for such other and further relief as this Court deems just and proper.

### II.   COUNTS III AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615(a) BECAUSE PLAINTIFF DOES NOT HAVE A CONTRACT WITH CHAMPION HOME BUILDERS, INC., THAT COULD SERVE AS THE BASIS OF AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

25.   In Count III of the Amended Complaint, plaintiff alleges that Champion Home Builders

violated an implied warranty of fitness for a particular purpose stemming from the sales

contract between plaintiff and defendant Southeastern Homes.

26.   "Generally, under the contract principles of the Uniform Commercial Code, in order to state a

claim against the defendant for breach of implied warranty, privity must exist between the

plaintiff and defendant." *Bd. of Educ. v. A, C & S, Inc.*, 131 Ill. 2d 428, 461, 137 Ill. Dec. 635,

650, 546 N.E.2d 580, 595 (1989).

27.   In acknowledging the public policy for this restriction, the court found "application of the rules

of warranty prevents a manufacturer from being held liable for damages of unknown and

unlimited scope." *Szajna v. Gen. Motors Corp.*, 115 Ill. 2d 294, 309, 104 Ill. Dec. 898, 905,

503 N.E.2d 760, 767 (1986).

28.   Plaintiff's Amended Complaint, like his original Complaint, makes no allegation of direct

privity of contract between plaintiff and defendant Champion Home Builders, Inc. Instead,

plaintiff presumably attempts to allege facts to establish that Champion Home Builders, Inc.

sold or entered into a contract with plaintiff to sell goods by alleging that plaintiff entered into

7

a contract with Southeastern Homes and that "Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc." *See Amended Complaint, Count III at ¶ 1.*

29.   As discussed at length in Section I above, plaintiff has failed to allege sufficient facts to show an agency relationship between defendant Champion Home Builders, Inc. and Southeastern Homes. Accordingly, plaintiff has also failed to allege that there was privity of contract under an agency theory between plaintiff and Champion Home Builders, Inc.

30.   Consequently, Count III of Plaintiff's Amended Complaint is insufficient at law and should be dismissed.

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to dismiss Count III of Plaintiff's Amended Complaint against it for the reasons set forth herein, and for such other and further relief as this Court deems just and proper.

### III.   COUNTS IV AND VI OF PLAINTIFF'S AMENDED COMPLAINT AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-615(a) BECAUSE PLAINTIFF'S CLAIMS FOR PURELY ECONOMIC DAMAGES CAN ONLY BE BROUGHT WITHIN THE FRAMEWORK OF CONTRACT LAW.

31.   In Count IV, plaintiff alleges economic damages under a theory of strict product liability against Champion Home Builders, Inc. In Count VI, Plaintiff alleges economic damages under a negligence theory against Champion Home Builders, Inc.

32.   The Illinois Supreme Court has long limited causes of action for economic losses by "holding that recovery for economic loss must be had within the framework of contract law." *Szajna v. General Motors Corp.*, 115 Ill. 2d 294, 303-304, citing *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69 (Ill. 1982).

33.   A purely economic loss is one where damages are sought only for "costs of repair and replacement of the defective product, or consequent loss of profits, without any claim of

8

personal injury or damage to property." *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 82 (Ill. 1982).

34. The principle that "qualitative defects are best handled by contract, rather than tort, law applies whether the tort theory involved is strict liability or negligence." *Id.* at 86.

35. Thus, plaintiff's reliance on tort theory for his economic loss in both Count IV (Product Liability) and Count VI (Negligence) is misplaced as "contract law and the UCC afford the parties their remedies and defenses." *Seegers Grain Co. v. United States Steel Corp.*, 218 Ill. App. 3d 357, 369, 160 Ill. Dec. 793, 800, 577 N.E.2d 1364, 1371 (1991).

36. A plaintiff's ability to recover under an action in contract is irrelevant when courts determine if the application of the *Moorman* Doctrine bars a plaintiff's claim in tort. *Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 115 Ill. 2d 146, 150, 104 Ill. Dec. 689, 690-91, 503 N.E.2d 246, 247-48 (1986).

37. As in Count VI of his original Complaint, which was dismissed by the Court, Counts IV and VI of plaintiff's Amended Complaint only allege economic damages, *i.e.* cost of repair and loss of value in the mobile home.

38. Since plaintiff has only alleged economic damages, plaintiff's claims in in both Count IV (Product Liability) and Count VI (Negligence) may only be properly brought under a contract law framework. Accordingly, plaintiff's tort claims in Counts IV and VI should be dismissed.

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to dismiss Counts IV and VI of Plaintiff's Amended Complaint against it for the reasons set forth herein, and for such other and further relief as this Court deems just and proper.

9

      **IV.**    ***COUNTS IV AND VI OF PLAINTIFF'S AMENDED COMPLAINT AGAINST CHAMPION HOME BUILDERS, INC., SHOULD BE DISMISSED PURSUANT TO 735 ILCS 5/2-619(a)(9) BECAUSE THEY ARE BARRED BY THE ECONOMIC LOSS DOCTRINE (THE MOORMAN DOCTRINE).***

39.    In Count IV, plaintiff alleges economic damages under a theory of strict product liability against Champion Home Builders, Inc. In Count VI, Plaintiff alleges economic damages under a negligence theory against Champion Home Builders, Inc.

40.    "[E]conomic losses caused by qualitative defects falling under the ambit of a purchaser's disappointed expectations cannot be recovered under a strict liability theory." *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 85 (Ill. 1982).  Similarly, "[t]o recover in negligence there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects." *Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 115 Ill. 2d at 150.

41.    A plaintiff's ability to recover under an action in contract is irrelevant when courts determine if the application of the *Moorman* Doctrine bars a plaintiff's claim in tort. *See id.*

42.    Further, "[w]hen the defect is of a qualitative nature and the harm relates to the consumer's expectation that a product is of a particular quality so that it is fit for ordinary use, contract, rather than tort, law provides the appropriate set of rules for recovery." *Moorman*, 91 Ill. 2d at 88.

43.    As in Count VI of his original Complaint, which was dismissed by the Court, Counts IV and VI of plaintiff's Amended Complaint only allege economic damages, *i.e.* cost of repair and loss of value in the mobile home.

10

44.     Since Plaintiff has only alleged economic damages, in Counts IV and VI, Plaintiff's claims in

both strict product liability and negligence are barred by the *Moorman* Doctrine and should be

dismissed.

WHEREFORE, defendant Champion Home Builders, Inc., respectfully requests this Court to

dismiss Counts IV and VI of Plaintiff's Amended Complaint against it for the reasons set forth

herein, and for such other and further relief as this Court deems just and proper.


_____

William S. Thomas   #6227180
Attorney for Defendant Champion Home Builders
GAUSNNELL, O'KEEFE & THOMAS, LLC
701 Market Street, Suite 200
St. Louis, Missouri 63101
(314) 257-9800
(314) 421-9801 (Fax)


## **AFFIDAVIT OF SERVICE**

A copy of the foregoing has been served on counsel via Odyssey eFileIL and emailed, on this 16th
day of January, 2019.

        John E. Bradley
        P.O. Box 488
        Marion, Illinois 62959
        Attorney for Plaintiff
        jbradleylawfirm@gmail.com

        Mr. Mark Kochan
        Kochan & Kochan, PC.
        121 West Cherry Street
        Herrin, Illinois 62948
        Co-counsel for Plaintiff


11

Mr. Michael Cerulo
Baty Holm Numrich & Otto
7711 Bonhomme Avenue, Ste. 901
St. Louis, Missouri 63105
Attorney for Main Street Mobile Homes
mcerulo@batyholm.com

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

12

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

TIMOTHY W. MCREAKEN )
)
                    Plaintiff,         )
)
        vs.                            )   2017-L- 5 3
)
SOUTHEASTERN HOMES,                    )
CHAMPION HOME BUILDERS, INC., and      )       **FILED**
MAIN STREET MOBILE HOME                )
)               JUL 25 2017
                    Defendants.        )
                                           *Jim Muir*
                        **COMPLAINT**   FRANKLIN COUNTY CIRCUIT CLERK

**COUNT I**

**BREACH OF WARRANTY**
**OF MERCHANTABILITY – SOUTHEASTERN HOMES**

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes,

states as follows:

1.      At all times alleged herein, Defendant, Southeastern Homes ("Seller") was a seller

of mobile homes pursuant to 810 ILCS 5/2-103 and a merchant seller of goods, meaning, "a

person who deals in goods of the kind or otherwise by his occupation holds himself out as having

knowledge or skill peculiar to the practice of the goods involved in the transaction or to whom

such knowledge or skill may be attributed by his employment of an agent or broker or other

intermediary who by his occupation holds himself out as having such knowledge or skill."

2.      On or about September 17, 2017, Plaintiff, ("Buyer") entered into a contract

("Contract") with Seller for the purchase of a new Atlantic Extreme model mobile home


EXHIBIT
A

manufactured by Champion Home Builders, ("Manufacturer"), a copy of the Contract executed by Buyer and Seller, being attached herein and marked as Exhibit A.

3.      The mobile home which was the subject of the Contract entered into on or about September 17, 2017, is "goods" as defined under the UCC, that is, a thing "moveable at the time of identification to the contract for sale other than the money in which the price is to be paid", and said mobile home was sold pursuant to the Contract, thereby subjecting the Contract and the circumstances surrounding it to the Sales Code portion of the Uniform Commercial Code, and the applicable law as adopted by Illinois.  810 ILCS 5/2-101 et. seq.

4.      As such, in selling said mobile home, the Contract for sale included an implied warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-315 and an implied warranty of merchantability pursuant to 810 ILCS 5/2-314.

5. As part of the Contract for the sale of the mobile home, Seller agreed to deliver the mobile home to a location owned by Buyer in Mulkeytown, Illinois.

6.      On or about the end of September, Main Street Mobile Homes, delivered the home to Buyer's property location in Mulkeytown Illinois.

7.      Upon receipt of the mobile home, Buyer noticed several significant problems.

8.      Buyer notified Seller of several significant problems.  Further, Buyer notified the Illinois Department of Public Health of the problems, and the Illinois Department of Public Health conducted an investigation including an inspection, and found several significant problems with the home.  See letters of Illinois Department of Public Health attached and incorporated herein as Exhibits B , Exhibit C, and Exhibit D.

9.      As a result of these problems and others not necessarily listed, Sellers breached the warranty of fitness for a particular purpose in that the home is not "fit for the ordinary

purposes for which such goods are used" 810 ILCS 5/2-315, and also breached the implied

warranty of merchantability in that the mobile home would not "pass without objection in the

trade under the contract description" 810 ILCS 5/32-314.

      10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS

5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the

value of the goods accepted and the value they would have had if they had been as warranted... ".

      11. Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a

security interest in the mobile home equal to the amount of payments made on the mobile home

as well as his expenses in inspecting, caring, and holding it during the pendency of this action.

      12.     Plaintiff has suffered other losses including trips to make complaints, loss of

enjoyment, and other consequential and incidental damages.

      WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

## COUNT II

### BREACH OF WARRANTY OF FITNESS
### FOR A PARTICULAR PURPOSE -- SOUTHEASTERN HOMES

      NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes,

states as follows:

      1-8.     Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs

one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of

Count IV of their Complaint.

9.     At all times herein, Defendant Seller knew that the Plaintiff was buying the home to live in for his own enjoyment.

10.     As a result of the aforementioned problems.  Sellers breached the warranty of fitness for a particular purpose in that the home is not "fit for the ordinary purposes for which such goods are used" 810 ILCS 5/2-315.

11.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

12.     Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

13.     Plaintiff has suffered other losses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT III

### BREACH OF WARRANTIES OF FITNESS
### FOR A PARTICULAR PURPOSE – CHAMPION HOME BUILDERS.

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1.     At all times alleged herein, Defendant, Champion Home Builders,

("Manufacturer") was a manufacturer of mobile homes.

2-8.     Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two

through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count

III of their Complaint.

9.     As a result of the foregoing problems, the Defendant Manufacturer breached the

implied warranty of fitness for a particular purpose.

10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS

5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the

value of the goods accepted and the value they would have had if they had been as warranted... ".

11.  Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a

security interest in the mobile home equal to the amount of payments made on the mobile home

as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of

enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

## COUNT IV

### BREACH OF WARRANTIES OF FITNESS
### FOR A PARTICULAR PURPOSE – CHAMPION HOMES

NOW COMES the Plaintiff, Timothy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1.      At all times alleged herein, Defendant, Champion Home Builders, ("Manufacturer") was a manufacturer of mobile homes.

2-8.    Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count III of their Complaint.

9.      As a result of the foregoing problems, the Defendant Manufacturer breached the implied warranty of merchantability.

10.     Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

11.  Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT V

### NEGLIGENCE – SOUTHEASTERN HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Southeastern Homes, states as follows:

1-8.     Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9.  At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10.  As such, Seller was negligent any any one or more of the following ways, to wit:

A)  Improperly inspected the mobile home;

B)  Improperly cared for and safeguarded the mobile home while it was in their custody;

C)  Transported the mobile home in such a manner as was not reasonable nor prudent;

D)  Did not exercise ordinary care in its delivery;

E)  Hired an unlicensed party to deliver and install the mobile home.

11.  As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

<div align="center">

**COUNT VI**

**NEGLIGENCE - CHAMPION HOMES**

</div>

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Champion Home Builders, states as follows:

1-8.   Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9. At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10. As such, Seller was negligent any any one or more of the following ways, to wit:

   A) Improperly inspected the mobile home;

   B) Improperly cared for and safeguarded the mobile home while it was in their custody;

   C) Transported the mobile home in such a manner as was not reasonable nor prudent;

   D) Did not exercise ordinary care in its delivery;

   E) Hired an unlicensed party to deliver and install the mobile home.

11. As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages,

including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT VII

### NEGLIGENCE – MAIN STREET MOBILE HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Complaint against the Defendant, Main Street Mobile Homes, states as follows:

1-8.    Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9. At all times herein, Seller owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract. Further, Seller Main Street Mobile Home failed to have a valid license to deliver and install mobile homes pursuant to law. As such, at the time of delivery and installation, Main Street Mobile Home was unlicensed.

10. As such, Seller was negligent any any one or more of the following ways, to wit:

A) Improperly inspected the mobile home;

B) Improperly cared for and safeguarded the mobile home while it was in their custody;

C) Transported the mobile home in such a manner as was not reasonable nor prudent;

D) Did not exercise ordinary care in its delivery;

E) Generally, delivered the mobile home in a negligent and careless manner;

F) Failed to maintain and possess a valid license to deliver mobile homes in violation of Illinois law.

11. As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, loss of enjoyment, pain and suffering and other losses.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

Plaintiff demands trial by a jury of six of his peers.

TIMOTHY W. MCREAKEN,

Plaintiff.

By_____

John E. Bradley
Counsel for Plaintiff
404 N. Monroe
Marion, IL 62959
Tele: 618-993-1356
FAX: 618-993-8702

## AFFIDAVIT

The undersigned, being first duly sworn, pursuant to Illinois Supreme Court Rule 222, upon oath deposes and says that I am an attorney for the plaintiff in the foregoing cause, and have authority to execute this affidavit, and that, to the best of my present knowledge the damages in this case might or could exceed $50,000.00.

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT

FRANKLIN COUNTY, ILLINOIS

TIMOTHY W. MCREAKEN                          )
                                             )
                    Plaintiff,               )
                                             )
        vs.                                  )        2017-L-53
                                             )
SOUTHEASTERN HOMES,                          )
CHAMPION HOME BUILDERS, INC., and            )
MAIN STREET MOBILE HOME                      )
                                             )
                    Defendants.

## AMENDMENT TO COMPLAINT

The parties appeared in Court with regards to Defendant Champion Homes, Inc.'s Motion

to Dismiss Counts III, IV, and VI. Pursuant to hearing, and with Plaintiff's counsel's

understanding that the Court has held the Motion to Dismiss of Champion Homes, Inc. and Main

Street Mobile Homes having answered the Counts directed toward it, and in compliance with the

deadline set by this Court, Plaintiff now offers this amendment to the Complaint as to Counts III,

IV, and VI.

## COUNT III

### BREACH OF WARRANTIES OF FITNESS
### FOR A PARTICULAR PURPOSE – CHAMPION HOME BUILDERS.

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The

John E. Bradley Law Firm, and for his Amendment to Complaint against the Defendant,

Champion Home Builders, states as follows:



1.      At all times alleged herein, Defendant, Champion Home Builders, Inc. ("Manufacturer") was a manufacturer of mobile homes. Upon information and belief, Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc.

2-8.    Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count III of their Complaint.

9.      As a result of the foregoing problems, the Defendant Manufacturer and or one or more of its agents breached the implied warranty of fitness for a particular purpose.

10.     Plaintiff has suffered significant property loss as a result of the aforementioned actions. Under the provisions of the Uniform Commercial Code, specifically 810 ILCS 5/2-714, Buyer is entitled to "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted... ".

11.     Pursuant to the Uniform Commercial Code, 810 ILCS 5/2-711 Buyer is entitled to a security interest in the mobile home equal to the amount of payments made on the mobile home as well as their expenses in inspecting, caring, and holding it during the pendency of this action.

12.     Plaintiff has suffered other loses including trips to make complaints, loss of enjoyment, and other consequential and incidental damages.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT IV

### PRODUCT LIABILITY – CHAMPION HOME BUILDERS.

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Amendment to Complaint against the Defendant, Champion Home Builders, states as follows:

1.    At all times alleged herein, Defendant, Champion Home Builders, Inc. ("Manufacturer") was a manufacturer of mobile homes.  Upon information and belief, Southeastern Homes was an authorized dealer and agent of said Champion Home Builders, Inc.

2-8.    Plaintiffs repeat and reallege and incorporate by reference thereto, paragraphs two through eight, inclusive, of Count I, as and for paragraphs two through eight, inclusive, of Count III of their Complaint.

9.    The Defendant Manufacturer produced a defective product and owed a duty to the Plaintiff under both contract and tort liability.

10.    Plaintiff has suffered significant property value loss as a result of the aforementioned defective product.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and just.

## COUNT VI

### NEGLIGENCE - CHAMPION HOMES

NOW COMES the Plaintiff, Timonthy W. McReaken, by and through his attorney, The John E. Bradley Law Firm, and for his Amendment to Complaint against the Defendant, Champion Home Builders, states as follows:

1-8.   Plaintiff repeats and realleges and incorporates by reference thereto, paragraphs one through eight, inclusive, of Count I, as and for paragraphs one through eight, inclusive, of Count III of their Complaint.

9.   Upon information and belief, the Defendant Southeastern Homes was an authorized dealer and agent of Champion Homes.

9.   At all times herein, Champion owed Buyer a duty of care regarding the sale and delivery of the mobile home that was the subject matter of the Contract.

10.   As such, Champion, and or one of its agents was negligent any one or more of the following ways, to wit:

> A) Improperly inspected the mobile home;
>
> B) Improperly cared for and safeguarded the mobile home while it was in their custody;
>
> C) Transported the mobile home in such a manner as was not reasonable nor prudent;
>
> D) Did not exercise ordinary care in its delivery or in the selection or arrangement of agents to perform said delivery;
>
> E) Hired an unlicensed party to deliver and install the mobile home.

11.   As a direct and proximate result of any one or more of the aforementioned negligent acts or omissions to act, Plaintiff has suffered and will continue to suffer significant damages to his property, including but not limited to the loss of significant sums of moneys in the value of the home, the necessity of repairs, and loss of enjoyment.

WHEREFORE, Plaintiff, Timothy W. McReaken prays that the Court award him

damages in excess of $50,000.00 and any and all other fair relief that the Court deems fair and

just.

Plaintiff demands trial by a jury of six of his peers.

TIMOTHY W. MCREAKEN,

Plaintiff

By

John E. Bradley
Counsel for Plaintiff
404 N. Monroe
Marion, IL 62959
Tele: 618-993-1356
FAX: 618-993-8702

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has caused true and correct copies of
AMENDMENT TO COMPLAINT to be mailed to:

Bill Thomas
PITZER SNODGRASS, P.C.
100 South Fourth Street
St.Louis Missouri 63102-1821

Michael D. Cerulo
BATY, HOLM, NUMRICH & OTTO, P.C.
231 S. Berniston Avenue Suite 1100
St. Louis, MO, 63105

by causing the same to be placed in a sealed envelope, clearly addressed as aforesaid, with
proper postage fully prepaid, and by depositing same in the United States mail at Marion,
Illinois, on the 4th day of January, 2019, before 5:30 p.m.

# ADDITIONAL RECORD SHEET

Case No. _17 ? 53_

Nature of Case _____

| DATE | JUDGE AND REPORTER | | COSTS |
|------|------|------|------|
| 2-6-19 | | Motion to Continue Filed | |
| 2-11-19 | ETD | atty Julia Cream CAMMACK for | |
| | | ∆ Champion. B/A hrd, ∆'s | |
| | | Motion to hrimes contested Continued | |
| | | & to be reset B/A of Parties & the Clark. | |
| 2-11-19 | | Response to motion for Summary | |
| | | Judgment Filed | Wrong |
| | | Motion to Extend Time Filed | File |
| 2-19-19 | | Notice of Hearing Filed, 3-4-19 9:30 | |
| 3-4-19 | ETD | atty Bradley for π, & atty Curlis for | |
| | | Main Street & atty Julia Cammach | |
| | | for Champion. Hearing on ∆ Champions | |
| | | Motion to hrimes Counts III, IV & VI. | |
| | | Case taken under advisement | |
| 5-2-19 | | Consent Motion To Continue filed | |
| 6-12-19 | ETD | The Court has considered ∆ Champion's motion | |
| | | to hrimes Counts III, IV & VI of π's amended complaint, | |
| | | π's response thereto and all arguments of Counsel | |
| | | both written and oral, Now therefore The | |
| | | Court finds that Count III should be dismissed pursuant | |
| | | to ∆ 2-615 motion but π is granted 28 days to amend | |
| | | said count to address further allege facts to relating to | |
| | | an agency Relationship between champion & Southeastern | |
| | | or the existence of a contract. The finds that | |
| | | count IV & VI should be dismissed pursuant to ∆'s | |
| | | 2-615 motion & & π is granted 28 days to amend | |
| | | said Counts provided π can allege damages other | |
| | | then economic losses per the Mooreman doctrine. | |
| | | Clerk to send a copy of this docket entry to all | |
| | | attorneys of Record. | |

THOMAS PRINTING COMPANY    (618) 435-2801

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
FRANKLIN COUNTY, ILLINOIS

FILED
Franklin Co. Circuit Court
2nd Judicial Circuit
Date: 5/22/2020 1:44 PM
Jim Muir

| | | |
|---|---|---|
| TIMOTHY W. MCREAKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2017-L-53 |
| | ) | |
| SOUTHEASTERN HOMES, | ) | |
| CHAMPION HOME BUILDERS, INC. | ) | |
| AND KKN MAIN STREET MOBILE | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDMENT TO COMPLAINT

### *Introduction*

**Per Leave of Court, Plaintiff files this Second Amendment to Complaint, which Amends the Previous Counts III, and IV directed to Champion Home Builders, Inc.**

NOW COMES the Plaintiff, Timothy W. McReaken, by and through his attorneys, Howerton, Dorris, Stone & Lambert and for his Second Amendment to the Complaint, against Champion Home Builders, Inc., states:

SECOND AMENDED COUNT III
*Magnuson Moss Act*
*Express Warranties*

1. At all times relevant, Defendant Champion Home Builders, Inc. ("Champion") was a manufacturer of mobile homes and a supplier as defined by 15 USC 2301(4).

2. At all times relevant, plaintiff Timothy W. McReaken ("McReaken") was a consumer as defined by 15 USC 2301 (3).

3.     In   September   2016,   McReaken   purchased   a   Champion manufactured home from defendant Southeastern Homes, which was a contractual transaction governed by the Uniform Commercial Code. See Exhibit A.

4.     As such, the sale as between McReaken and Southeastern included an implied warranty of merchantability pursuant to 810 ILCS 5/2-314.

5.     As part of the Contract for the sale of the mobile home, Southeastern agreed to deliver and set up the mobile home at a locale selected by McReaken in Mulkeytown, Illinois.  Southeastern hired KKN Main Street Mobile, Inc. to do it.

6.     On or about the end of September, 2016, KKN delivered and set up the Champion built home in Mulkeytown, Illinois.

7.     When KKN delivered the home, its agents and employees drove the home into a ditch, causing damage.

8.     The home at issue came with express warranties issued by Defendant Champion Home Builders, Inc. related to, among other cosmetic issues, structural issues and appliances.

9.     Champion designated Southeastern as its agent regarding the express warranties it provided with the home. See Exhibit E.

10.     After delivery and set up, McReaken identified cosmetic, structural and other problems with the home.

11.     McReaken invoked and exercised his rights under the express warranties as described in paragraph 8 and referenced in Exhibit E.

12.    McReaken notified Southeastern Homes about the problems as well as the Illinois Department of Public Health.  See Exhibits B, C, and D.

13.    Champion made some effort to remedy and/or cure the issues McReaken identified but not all issues were remedied, some of which Champion disputed and/or blamed on KKN.

14.    An impasse on what problems exist, which entity is responsible for the problems, and whether the problems have been cured in whole or in part exist.

15.  McReaken has sought and continues to seek remediation and/or cure from Champion and/or KKN to remedy, repair, and or cure the defects.

16.  McReaken has suffered damages inasmuch as the home he purchased has walls that are not aligned, floors that are not level, windows and doors that are not true, and a host of other cosmetic and structural issues too numerous to describe here.

17.  McReaken seeks the remedies and/or damages consistent with the Magnuson Moss Act, its attorney fees provision, together with costs of suit.

WHEREFORE  Plaintiff  prays  for  judgment  against  the  Defendant Champion.

HOWERTON, DORRIS, STONE & LAMBERT

By:
Stephen W. Stone, #6204573
sstone@hdslawfirm.com
*Attorneys for Plaintiff*

Page **3** of **7**

## SECOND AMENDED COUNT IV
### *Magnuson Moss Act*
### *Implied Warranty of Merchantability*

1.     At all times relevant, Defendant Champion Home Builders, Inc. ("Champion") was a manufacturer of mobile homes and a supplier as defined by 15 USC 2301(4).

2.     At all times relevant, plaintiff Timothy W. McReaken ("McReaken") was a consumer as defined by 15 USC 2301 (3).

3.     In September 2016, McReaken purchased a Champion manufactured home from defendant Southeastern Homes, which was a contractual transaction governed by the Uniform Commercial Code. See Exhibit A.

4.     As such, the sale as between McReaken and Southeastern included an implied warranty of merchantability pursuant to 810 ILCS 5/2-314.

5.     As part of the Contract for the sale of the mobile home, Southeastern agreed to deliver and set up the mobile home at a locale selected by McReaken in Mulkeytown, Illinois.  Southeastern hired KKN Main Street Mobile, Inc. to do it.

6.     On or about the end of September, 2016, KKN delivered and set up the Champion built home in Mulkeytown, Illinois.

7.     When KKN delivered the home, its agents and employees drove the home into a ditch, causing damage.

8.    The home at issue came with express warranties issued by Defendant Champion Home Builders, Inc. related to, among other cosmetic issues, structural issues and appliances.

9.    Champion designated Southeastern as its agent regarding the express warranties it provided with the home. See Exhibit E.

10.    After delivery and set up, McReaken identified cosmetic, structural and other problems with the home.

11.    McReaken invoked and exercised his rights under the express warranties as described in paragraph 8 and referenced in Exhibit E.

12.    McReaken notified Southeastern Homes about the problems as well as the Illinois Department of Public Health.  See Exhibits B, C, and D.

13.    Champion made some effort to remedy and/or cure the issues McReaken identified but not all issues were remedied, some of which Champion disputed and/or blamed on KKN.

14.    An impasse on what problems exist, which entity is responsible for the problems, and whether the problems have been cured in whole or in part exist.

15. McReaken has sought and continues to seek remediation and/or cure from Champion and/or KKN to remedy, repair, and or cure the defects.

16. McReaken has suffered damages inasmuch as the home he purchased has walls that are not aligned, floors that are not level, windows and doors that are not true, and a host of other cosmetic and structural issues too numerous to describe here.

17.    Where  Champion  provides  a  written  warranty,  as  here,  the Magnuson Moss Act recognizes an implied warranty of merchantability 15 U.S.C. §2308, for which it cannot disclaim 15 USC 2310(d).

WHEREFORE, Plaintiff requests that the Court enter judgment against defendant, damages to which Plaintiff is entitled for all Magnuson-Moss Warranty Act causes of action, costs, and attorney fees.

HOWERTON, DORRIS, STONE & LAMBERT

By: _____
        Stephen W. Stone, #6204573
        sstone@hdslawfirm.com
        *Attorneys for Plaintiff*

Howerton, Dorris, Stone & Lambert
300 West Main Street
Marion, IL 62959
Phone:  618-993-2616
Fax:  618-997-1845

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the Odyssey filing system which will send notification of said filing to the following:

Mr. John E. Bradley
P.O. Box 488
Marion, IL 62959
*Attorneys for Plaintiff*

Mr. William S. Thomas
Gausnneli, O'Keefe & Thomas, LLC
701 Market Street, Ste. 200
St. Louis, MO 63101
*Attorneys for Defendant Champion Home Builders*

Mr. Michael Cerulo
Baty Holm Numrich & Otto
7711 Bonhomme Avenue, Ste. 901
St. Louis, MO 63105
*Attorneys for Defendant Main Street Mobile Homes*

Sarah Arview, Legal Assistant
sarah@hdslawfirm.com

Stephen W. Stone, #6204573
Howerton, Dorris, Stone & Lambert
300 West Main Street
Marion, IL 62959
P: 618-993-2616
F: 618-997-1845

# CHAMPION

# ► SERVICE REPORTING PROCEDURES ◄

WE WOULD LIKE TO THANK YOU FOR PURCHASING A HOME BUILT BY CHAMPION HOME BUILDERS, INC. AND WE ASK THAT YOU <u>PLEASE TAKE A MOMENT TO READ THE FOLLOWING SERVICE INFORMATION</u>:

**Your Champion service is divided into three main types:**
**<u>COSMETIC ITEMS</u>, <u>STRUCTURAL ITEMS</u> and <u>APPLIANCES</u>.**
**The following describes the reporting procedures for each:**

## <u>COSMETIC ITEMS</u>

Live in your home for 20 to 30 days; during this period make a list of cosmetic items that are in need of repair. These items may include, but are not limited to: loose trim, cracked or loose ceramic tile, nonworking mini-blinds, missing light globes, etc. Give your list to your Dealership for them to forward to Champion's Service Department. (<u>Keep a copy for your records.</u>) A Champion Representative will contact you to schedule repairs.
*(All **cosmetic items** must be reported to the manufacturer within 30 days after your home is delivered to your property.)*
**(*** Excludes Display Models ***)**

## <u>STRUCTURAL ITEMS</u>

If you think that you may have a structural issue with your new home please contact your Dealership and ask them to forward a Service Request to Champion's Service Department. These items may include, but are not limited to: an electrical short, plumbing leak, roof leak, etc. A Champion Representative will contact you to schedule repairs.
*(All **structural items** must be reported to the manufacturer within 1 year after your home is delivered to your property.)*

## <u>APPLIANCES</u>

The appliances in your home have a separate warranty that is provided by their manufacturer. A list of appliance warranty telephone numbers is located on a cabinet door under the sink. These items would include, but are not limited to: refrigerator, stove, dishwasher, water heater, etc. Please contact the appliance manufacturer for service.
*(Champion Home Builders, Inc. is not authorized to service the electrical **appliances** in your home.)*

**<u>Please review your Homeowner's Guide, Arbitration Agreement & Limited Warranty manual for a complete explanation of your Manufacturer's Limited Warranty.</u>**

*In the unlikely event that you are not able to receive service by contacting your Dealer please send your list directly to Champion Homes using the information to the right.*

**<u>Please include your Name, Address, Telephone Numbers and the Serial Number of your home along with your list of service concerns.</u>**

**<u>Fax to:</u>**
**(731) 364-2127**

**<u>or Mail to:</u>**
**Champion Home Builders, Inc.**
**Service Department**
**P.O. Box 200**
**Dresden, TN 38225**

**C**

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
FRANKLIN COUNTY, ILLINOIS

FILED
Franklin Co. Circuit Court
2nd Judicial Circuit
Date: 6/2/2020 4:24 PM
Jim Muir

| | |
|---|---|
| TIMOTHY W. MCREAKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No.  2017-L-53 |
| | ) |
| SOUTHEASTERN HOMES, CHAMPION | ) |
| HOME BUILDERS, INC. AND KKN MAIN | ) |
| STREET MOBILE, INC., | ) |
| | ) |
| Defendants. | ) |

## *NOTICE OF FILING OF NOTICE OF REMOVAL*

TO:    Clerk of the Circuit Court of Franklin County, Illinois

You are hereby notified that Defendant Champion Home Builders, Inc. has filed a Notice

of Removal in the United States District Court for the Southern District of Illinois.

/s/  William S. Thomas

William S. Thomas   #6227180
Attorney for Defendant Champion Home Builders
GAUSNELL, O'KEEFE & THOMAS, LLC
701 Market Street, Suite 200
St. Louis, Missouri 63101
(314) 257-9800
(314) 257-9801 (Fax)
Email: wthomas@gotlawstl.com

## **AFFIDAVIT OF SERVICE**

A copy of the foregoing has been served on counsel via Odyssey eFileIL and emailed, on this 2nd
day of June, 2020.

Stephen W. Stone
300 West Main Street
Marion, Illinois 62959
Attorney for Plaintiff
sstone@hdslawfirm.com

Mr. Michael Cerulo
Baty Holm Numrich & Otto
7711 Bonhomme Avenue, Ste. 901
St. Louis, Missouri 63105
Attorney for KKN Main Street Mobile, Inc.
mcerulo@batyholm.com

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/  William S. Thomas