UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY W. MCREAKEN, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No.   3:20-cv-00521-GCS |
| CHAMPION HOME BUILDERS, INC., and KKN MAIN STREET MOBILE, INC., | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

**INTRODUCTION AND BACKGROUND**

Pending before the Court is Plaintiff's motion to remand and Defendant Champion Home Builders, Inc.'s motion to dismiss Counts III and IV of Plaintiff's Second Amendment to the Complaint. Based on the reasons delineated below, the Court grants the motion to remand and denies as moot the motion to dismiss.

This matter arises out of the sale of a mobile home to Plaintiff Timothy W. McReaken manufactured by Champion Home Builders, Inc. ("Champion"), sold by Southeastern Homes ("Southeastern"), and delivered by KKN Main Street Mobile, Inc. ("KKN"). Specifically, on September 7, 2016, McReaken entered into a contract with Southeastern for the purchase of a new Atlantic Extreme model mobile home for the total

price of $37,676.38 including dealer rebate, delivery, set up, trim, options, title fees and taxes.[1] (Doc. 1-1, p. 16-18). McReaken contends that KKN, while delivering the mobile home to McReaken in Mulkeytown, Illinois, drove the mobile home into a ditch, causing damage. (Doc. 1-1, p. 90). McReaken alleges that after receipt of the mobile home from KKN he "noticed significant problems" and that he notified Southeastern and the Illinois Department of Public Health of such problems. (Doc. 1-1, p. 7). The Illinois Department of Public Health conducted an investigation of the mobile home which likewise found several significant problems with the mobile home. *Id.*

Thereafter, on July 25, 2017, McReaken sued Champion, Southeastern and KKN in the Franklin County, Illinois Circuit Court. (Doc. 1-1). The original complaint contained the following counts: breach of warranty of merchantability pursuant to Illinois state law against Southeastern (Count I); breach of warranty of fitness for a particular purpose pursuant to Illinois State law against Southeastern (Count II); breach of warranties of fitness for a particular purpose pursuant to Illinois state law against Champion (Count III); breach of warranties for a particular purpose pursuant to Illinois state law against Champion (Count IV); Illinois state law negligence claim against Southeastern (Count V); Illinois state law negligence claim against Champion (Count VI); and Illinois state law negligence claim against KKN (Count VII). In each of these counts, McReaken sought

---

[1] The Court notes that the original complaint contains a typographical error as to the date of the purchase for the mobile home. (Doc. 1-1, p. 6). The original complaint states September 17, 2017, and the purchase agreement states September 7, 2016. (Doc. 1-1, p. 16-18). Thus, the Court will use the correct date as found on the purchase agreement.

damages in excess of $50,000.00. (Doc. 1-1, p. 5-15). Included in the Complaint is an Affidavit by McReaken's counsel stating: "[t]he undersigned, being first duly sworn, pursuant to Illinois Supreme Court Rule 222, upon oath deposes and says that I am an attorney for the plaintiff in the foregoing cause, and have authority to execute this affidavit, and that, to the best of my present knowledge the damages in this case might or could exceed $50,000.00" (Doc. 1-1, p. 15). In response to the Complaint, Champion filed a motion to dismiss, which the state court judge granted and allowed McReaken leave to amend.

On January 4, 2019, McReaken filed a pleading titled "Amendment to Complaint." (Doc. 1-1, p. 42-46).[2] This amendment asserted the following new claims only against Champion: breach of warranties of fitness for a particular purpose (Count III); product liability (Count IV); and negligence (Count VI). Again, McReaken sought damages in excess of $50,000.00. (Doc. 1-1, p. 42-46). Thus, Counts I, II, V and VII from the original complaint against Southeastern and KKN remained. In response to the amendment to the complaint, Champion filed another motion to dismiss. On June 12, 2019, the state court judge granted the motion to dismiss and dismissed Counts III, IV and VI against Champion with leave to amend. (Doc. 1-1, p. 86).

---

[2]     This pleading contained an introductory paragraph reading: "The parties appeared in Court with regards to Defendant Champion Homes, Inc.'s Motion to Dismiss Counts III, IV and VI. Pursuant to hearing, and with Plaintiff's counsel's understanding that the Court has held the Motion to Dismiss of Champion Homes, Inc., and Main Street Mobile Homes having answered the Counts directed toward it, and in compliance with the deadline set by this Court, Plaintiff now offers this amendment to the Complaint as to Counts III, IV, and VI." (Doc. 1-1, p. 42).

On May 22, 2020, McReaken filed a pleading titled "Second Amendment to Complaint." (Doc. 1-1, p. 87-94).[3] This amendment asserted the following new claims only against Champion: Magnuson Moss Act express warranties (Second Amended Count III) and Magnuson Moss Act implied warranty of merchantability (Second Amended Count IV). In Count III, McReaken "seeks the remedies and/or damages consistent with the Magnuson Moss Act, its attorney fees provision, together with costs of suit" and in Count IV, McReaken "requests the Court to enter judgment against Champion, damages to which he is entitled for all Magnuson-Moss Warranty Act causes of action, costs, and attorney fees." (Doc. 1-1, p. 89, 92). The Second Amendment to the Complaint did not contain a Count VI against Champion. Thus, Counts I, II, V and VII from the original complaint against Southeastern and KKN remained.

On June 3, 2020, Champion removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(3)(B). As to the amount in controversy, Champion merely states: "Plaintiff asserts damages in excess of $50,000.00 and an affidavit was submitted to the State Court stating the same." (Doc. 1, p. 2). Also, in the notice of removal, Champion noted that KKN joined in the removal and that Southeastern had never entered an appearance in this case. *Id.*[4]

---

[3] This pleading also contained an introductory paragraph stating: "Per Leave of Court, Plaintiff files this Second Amendment to Complaint, which Amends the previous Counts III, and IV directed to Champion Home Builders, Inc." (Doc. 1-1, p. 87).

[4] On September 24, 2020, the Court dismissed Southeastern from this case. (Doc. 26).

Now before the Court is McReaken's motion to remand and Champion's motion to dismiss Counts III and IV of McReaken's complaint. The Court will address the remand motion first as the Court must ascertain whether it has subject matter jurisdiction to hear McReaken's claims.

## ANALYSIS

McReaken argues that his case should be remanded because Champion has not met its burden of establishing that the amount in controversy is met. Specifically, McReaken argues that the affidavits which Champion relied on to remove the case to this Court were filed in counts that were dismissed by Champion's own motions and therefore, the claimed amount in controversy associated with those counts "evaporated" with the dismissals obtained by Champion in the state court. McReaken further asserts that his claims against Champion do not plead a specific amount in controversy, nor do they contain an affidavit regarding the same. In opposition, Champion counters that McReaken did not file amended complaints but rather filed amendments to the Original Complaint and therefore the claims against KKN and Southeastern remain. Thus, Champion contends that McReaken prayed for damages in excess of $50,000.00 and that the amount in controversy exceeds $50,000.00.[5] The Court agrees with Champion's assessment that McReaken did not abandon his claims and/or prayer for damages in excess of $50,000.00 against KKN and Southeastern with the filing of the amendments to

---

[5] The Court notes that KKN did not file a response to the motion to remand.

the Original Complaint. However, the Court, after considering the Original Complaint, the Second Amendment to the Complaint and the entire record, finds that the amount in controversy has not been met.

Removal is proper if the case could have been originally brought in federal court. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004)(citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). What this means in terms of the Magnuson-Moss Act is that the amount in controversy must be at least $50,000, exclusive of interest and costs. *Id.* (citing 15 U.S.C. § 2310(d)(3)). When a defendant removes a case from state to federal court, it must establish by a preponderance of the evidence facts suggesting that the jurisdictional amount has been satisfied. *See Carroll v. Stryker Corp.*, 658 F.3d 675, 681 (7th Cir. 2011) (internal citations omitted). In determining whether this jurisdictional threshold has been met, the Court must evaluate the plaintiff's complaint and the record as a whole as of the time the case was removed. *See Schimmer*, 384 F.3d at 404 (internal citations omitted). *See also Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)(noting that the amount in controversy "is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole"); *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)(noting that the amount in controversy is determined as of the date of removal). The Seventh Circuit has instructed that in so doing, courts should construe the removal statute narrowly and presume that the plaintiff may choose his own forum. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

Here, the amount in controversy has not been met. The formula used to calculate the amount in controversy in a case such as this is the replacement cost of the mobile home, minus the value of the mobile home in its current state and the use value obtained from the allegedly defective mobile home. *See Schimmer*, 384 F.3d at 405–406. There is no set of facts before this Court that establishes the required amount in controversy. The replacement cost of the mobile home, for the purposes of this calculation, is assumed to be the purchase price of the mobile home. The Original Complaint contains the only specific dollar amount in this case, $37,676.38 which is the purchase price of the mobile home. Furthermore, the Second Amendment to the Original complaint does not contain any monetary figures about what is left in dispute in this case. In fact, the Second Amendment to the Original Complaint alludes to the fact that some remediation has taken place, yet it does not state what issues remain pending to make McReaken whole in this matter.[6] Without more in the record, the Court is left to speculate as to the actual amount in controversy, which the Court will not do.

Additionally, attorneys fees and costs are not calculated in the amount in controversy. The presence of Warranty Act claims provides the only possible basis for jurisdiction. Jurisdiction based on a Warranty Act claim is federal question jurisdiction.

---

[6]  The Second Amendment to the Complaint states in part: "13. Champion made some effort to remedy and/or cure the issues McReaken identified but not all issues were remedied, some of which Champion disputed and/or blamed on KKN. 14. An impasse on what problems exist, which entity is responsible for the problems, and whether the problems have been cured in whole or part exist. 15. McReaken has sought and continues to seek remediation and/or cure from Champion and/or KKN to remedy, repair, and or cure the defects." (Doc. 1-1, p. 89, 91).

*See, e.g., Haslam v. Lefta, Inc.,* No. 93 C 4311, 1994 WL 117463, at *1–2 (N.D. Ill. March 25, 1994) (distinguishing the treatment of attorneys' fees in the context of diversity jurisdiction under § 1332 and federal question jurisdiction under the Warranty Act). Attorneys' fees are "costs within the meaning of the [Warranty Act] . . . and thus must be excluded from the amount in controversy determination." *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 n. 12 (3rd Cir. 1997)(citing *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1069 (5th Cir.1984); *Saval v. BL Ltd.,* 710 F.2d 1027, 1033 (4th Cir. 1983); *Mele v. BMW of North America, Inc.,* No. 93–2399, 1993 WL 469124, at *3 (D.N.J. Nov. 12, 1993)). Thus, the Court finds that Champion has not met its burden of establishing that the amount in controversy is met, and the Court lacks subject matter jurisdiction over McReaken's claims.

## Conclusion

The amount in controversy does not exceed $50,000 to any legal probability, thus, there is no federal subject-matter jurisdiction for McReaken's claims under the Magnuson–Moss Act or supplemental jurisdiction over McReaken's state law negligence claim against KKN. Accordingly, the Court **GRANTS** the motion to remand and **DENIES as moot** Champion's motion to dismiss in *this* Court. Because this Court lacks subject matter jurisdiction, the Court, pursuant to 28 U.S.C. § 1447(c), **REMANDS** this matter to the Franklin County Illinois Circuit Court. No fees or costs are awarded. The Clerk of the Court shall close the case.

**IT IS SO ORDERED**.

**DATED:   October 26, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.10.26 09:20:52 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**